No. 16,484.

O'DONE, DOING BUSINESS AS NETTIE'S MONROE BUFFET, v.
SHULMAN, DOING BUSINESS AS MODERN MUSIC CO.
(238 P. [2d] 1117)

Decided November 19, 1951.   Rehearing denied December 31, 1951.

Mr. ISAAC MELLMAN, for plaintiff in error.

Mr. F. W. HARDING, ONALEE BROWN, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

To review a judgment on a jury's verdict of $1,250 for breach of contract, plaintiff in error prosecutes a writ of error and will be designated herein as lessor or defendant.

Defendant, as lessor, on September 6, 1946 entered into what is designated as a "location agreement" with defendant in error, hereinafter referred to as plaintiff or lessee, for certain space or spaces in her place of business for the installation of a coin-operated music system for a period of two years at a yearly rental of one dollar payable in advance, and in addition to the rental, lessee was to pay lessor weekly, fifty per cent of all monies paid into said coin-operated machine. Lessor agreed to not permit any similar or competing device to be installed on the premises during the term of the lease. All expenses for installing, maintaining and operating the device or system were to be paid by the lessee. It was further agreed that if the lessor should transfer her business she would do so only subject to all the terms of the lease, and that she would use all efforts to enforce upon her successors or assigns, in writing, the assumption of the obligations of the lease, and if she failed to secure such assumption of the obligations, she then would be liable to, and would pay, the lessee the sum of $1,000 as liquidated damages and not as a penalty for forfeiture; further, in the event she breached the contract or lease, she would pay $1,000 for each unterminated year or portion thereof as liquidated damages and not as a penalty for forfeiture, also reasonable attorney's fees; finally, it was agreed between the parties that if the lessee at any time during the term of the lease should tender to the lessor the sum of one dollar and give lessor written notice that he intended to terminate

the lease, then the lease shall wholly cease and terminate five days after the time of said notice with five additional days in which to remove lessee's property from the premises and the lessee to be relieved of, and not be liable for, the payment of any further damages resulting from the installation or the removal of the device.

The plaintiff or lessee in April of 1946, installed, for approval, the music system in defendant's place of business, and thereafter, in September 1946, entered into the contract referred to, and serviced the music system until approximately the 15th day of December 1947, when defendant or lessor allowed another competing music system to be installed in her place of business and disconnected plaintiff's music installation in violation of the terms of the contract.

On December 15, 1947, plaintiff or lessee, assigned all of his right, title and interest in his claim against defendant to the Business Adjustment Service of Denver, Colorado, which brought suit on the claim. It is shown by a certified copy of an order of court that this suit was dismissed on the 27th day of September 1948. On that date Business Adjustment Service, in writing, canceled the assignment to them back to plaintiff or lessee, who, on October 8, 1948, filed this action claiming $1,000 damages for breach of contract and $250 attorney's fee. Motion to dismiss was denied and reincorporated in an answer admitting the installation of the music system; the entering into the contract; denied that the terms of the contract had been violated; and as a further defense alleged plaintiff's assignment of the cause of action and for that reason, plaintiff had no right to maintain the suit.

On trial to a jury a verdict was returned in favor of plaintiff and judgment in the sum of $1,250 entered thereon. Motion for new trial was overruled and error is assigned to the court's denial of defendant's motion to dismiss the complaint, as well as the denial of a motion to dismiss at the close of plaintiff's case. Error also is as-

signed as to the admission of certain exhibits and the giving and failure to give specified instructions.

The specification of points is presented in the argument under four topics, namely: The contract lacks mutuality; error in admitting certain exhibits; error in giving instruction No. 5; and failure to give tendered instruction No. 2. We assume that the question of lack of mutuality in the contract was presented and argued in defendant's motion to dismiss.

The record discloses that suit was filed on this identical claim by the assignee under the assignment heretofore mentioned. It further shows, "It is the order of the Court that this case be, and here is, dismissed, * * *." Under Rule 41 (b) (1) R.C.P. Colo., unless the order for dismissal otherwise specifies, a dismissal other than for lack of jurisdiction or for improper venue operates as an adjudication upon the merits. While one witness testified that the suit was dismissed on a technicality, we must take the record as we find it. This order of dismissal would have been grounds for an affirmative plea of res adjudicata on the part of defendant; however, defendant did not make such plea, but did raise the question in an objection to instruction No. 5 that was given by the court. We are slow to approve this method of now raising what is in effect the plea of res adjudicata; nevertheless, we are at liberty to notice this vital factor in the case and must now say that the effect of the dismissal order, as shown by the record, is that it constituted a dismissal with prejudice, and, therefore, is to be considered as an adjudication on the merits and plaintiff is precluded from further prosecuting an action on the claim.

While it is not now necessary to consider the matter of instruction No. 5, we feel that a brief discussion will disclose that the judgment and verdict herein in review was not the result of a fair trial, and, therefore, our determination that plaintiff was precluded by the dismissal order will not seem so harsh. Instruction No. 5

is as follows: "You are instructed that the fact that there was a previous action brought on this contract by Harry H. Wasson, Sr., and William C. Duer, doing business as Business Adjustment Service, and that said action was dismissed without prejudice, has no bearing on the merits of this case and you are not to consider said dismissal as in any way determining whether or not plaintiff is entitled to recover herein." Defendant objected to this instruction in the following language, "The defendant objects and excepts to the giving of instruction No. 5, for the reason that this instruction does not state the proper facts as presented by the evidence. There being evidence to the effect that the case referred to in this instruction was dismissed, and under the rules, this evidence appearing on the court records, constitutes a dismissal with prejudice, and not without prejudice."

The objection by counsel just stated is clearly in accord with the record and the evidence. There is not a syllable of evidence, either documentary or by testimony, that the dismissal was without prejudice; therefore, this instruction, in face of the objection, is clearly erroneous and no doubt was prejudicial to defendant.

■ A further and cogent reason for foreclosing plaintiff from recovery is the fact that the contract or lease agreement herein referred to was wholly lacking in mutuality. The kindest thing to be said about the contract is that it is unilateral, and designed to snare the unsuspecting. While this thread runs through the entire contract, it is necessary to set out only one paragraph to demonstrate the correctness of our conclusion, and such paragraph is: "It is further agreed by and between the parties that if the lessee shall at any time during the term of this lease, tender to the lessor, the sum of One Dollar ($1.00) and in writing notice said lessor that the lessee intends to terminate this lease, then the lease shall wholly cease and terminate, five (5) days after time of said notice and tender, and said lessee shall have five (5) days in addition to aforementioned time in which to re-

move its property from said premises and the lessee shall then be relieved of and shall not be liable to and for the payment of any further damage resulting from and/or caused by the installation or removal of said device and the lessee shall be relieved and shall not be liable for any further rental payments from the time of the notice and tender of said One Dollar ($1.00)."

Any provision under which defendant could compel plaintiff to allow the machines to remain on her premises or to cause him to maintain and service the machines, is entirely absent from the contract. It is clear from the above paragraph that plaintiff, by tendering one dollar, could terminate the contract at any time without any cause or reason and strip and leave defendant's place of business without any music system therein. This presents a so-called contract under the terms of which defendant could not have a cause of action thereon. Plaintiff was left free to exercise his arbitrary discretion at the cost of the nominal sum of one dollar without further question or liability. Defendant was bound to keep plaintiff's equipment on her premises for the specified time without any corresponding obligation on the part of plaintiff. Since plaintiff, for the unconscionable sum of one dollar, could discontinue the service to defendant at any time without liability, it follows that the right, by defendant, to discontinue plaintiff's service could be exercised upon the same terms, that is, without liability. *Bosch Co. v. Guiry Bros. Co.*, 99 Colo. 379, 62 P. (2d) 1325; *Stiles v. McClellan*, 6 Colo. 89.

There is occasion in some cases to present the argument that when any consideration is shown, the question of mutuality is eliminated. That may rightfully be the case where the consideration might be sufficient to deprive the contract of its lack of mutuality. Here, where the results are considered, the sum mentioned cannot be considered more than nominal.

For the reasons herein stated, the judgment is reversed.

MR. CHIEF JUSTICE JACKSON and MR. JUSTICE ALTER concur in the result.