472 P.2d 193 (1970)
F. R. ORR CONSTRUCTION COMPANY, Inc., Plaintiff in Error,
v.
READY MIXED CONCRETE CO., Defendant in Error.
No. 70-254. (Supreme Court No. 23721.)
Colorado Court of Appeals, Div. II.
May 26, 1970.
Rehearing Denied June 11, 1970.
Certiorari Denied July 16, 1970.
*194 Dayton Denious, William P. Denious, Denver, for plaintiff in error.
Harry Sobol, Bernard Sobol, Denver, for defendant in error.
Selected for Official Publication.
PIERCE, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
Ready Mixed was plaintiff and Orr was a defendant in the trial court; they will be referred to hereinafter as such.
Defendant was engaged as general contractor for several construction projects in the Metropolitan Denver area. It subcontracted much of the concrete work on these projects to Terry Construction Company (hereinafter referred to as Terry), a partnership.
Sometime after these subcontracts, defendant, who owed Terry for work completed, discovered the latter was in financial difficulty. In order to pay Terry, but at the same time protect itself from possible imposition of liens by Terry's suppliers on the properties involved, defendant contacted all of Terry's known suppliers, ascertained amounts owed them by Terry, and made checks payable jointly to Terry and the individual suppliers, in return for which it requested lien waivers from those respective suppliers. Under this system, apparently common in the construction business, defendant undertook to pay its debts to Terry.
Plaintiff, one of Terry's suppliers, was owed $2,904.13 by the latter in connection with several of these subcontracted projects. Accordingly, defendant issued its check payable jointly to the order of plaintiff and Terry, and sent it to plaintiff with instructions to obtain Terry's endorsement and to issue lien waivers to defendant. Plaintiff, however, did not secure the endorsement since it temporarily lost the check, and when it subsequently found it, could not locate Terry (or the partners), which had apparently gone defunct. Therefore, plaintiff could not cash the check. Although no lien waivers were issued by plaintiff, neither were any liens filed by it on the projects involved within the statutory period. Plaintiff subsequently demanded payment of the check by defendant directly to it. This demand was refused, and plaintiff brought suit which is the subject of the instant appeal. Defendant and Terry were named as co-defendants, but Terry was never legally served with process in any manner.
In its complaint plaintiff alleged that defendant was indebted to it for materials furnished for the several construction projects, that Terry was only a nominal payee, and prayed for a decree that Terry had no interest in the check and for judgment in its favor for the amount claimed.
Defendant filed a motion to dismiss the complaint on grounds, among other things, of lack of proper parties plaintiff. Prior to a determination on this motion, defendant filed its answer admitting it issued the check and that it had not been paid, but denying all other allegations. It thereafter filed an additional combined motion to dismiss and to quash, alleging Terry had not been served with summons as required and the return of service filed should be quashed; it further alleged the court had no jurisdiction over the subject matter in that an indispensable party to the action (Terry) was not properly before the court because of failure of service. The motion to quash was granted; however, the motion to dismiss the action for failure to join an indispensable party was apparently not acted upon by the court, although the court, apparently on its own motion (since defendant did not so move), did dismiss Terry as a defendant. Thereafter, trial was held to *195 the court, resulting in judgment for plaintiff.
Defendant contends the trial court erred in rendering judgment for plaintiff, maintaining that any liability of defendant was to Terry only and not to plaintiff, and could be enforced only if Terry was brought into the case as a party plaintiff so that it could present evidence, if it wished, regarding its rights to the proceeds of the check.
There was a great deal of confusion concerning on what theory of recovery the suit was predicated. The trial court alternatively treated the action as one founded in debt, one founded in contract, and one founded on a negotiable instrument. The evidence clearly shows, however, that the proper basis for the action was on a negotiable instrumenti.e., an action on a check made and issuedand on nothing else.
More particularly, the principal issue is whether a co-payee has any right to cash a check in the absence of another co-payee's endorsement. We look to the appropriate statutory law. C.R.S.1953, 95-1-41 (applicable at the time of issuance of this check) which states:
"Where an instrument is payable to the order of two or more payees or indorsees who are not partners all must indorse, unless the one indorsing has authority to indorse for the others."
The record is clear that Terry never endorsed the check and therefore the instrument was nonnegotiable and not subject to cashing by plaintiff. American National Bank of Denver v. First National Bank, et al., 130 Colo. 557, 277 P.2d 951; Skinner v. Mortgage Investment Co., Colo., 438 P.2d 504. Plaintiff asserts, however, that under the circumstances of this case, it was the holder of a nonnegotiable chose in action and the trial court could properly determine (as it did in the instant case) that the nonendorsing co-payee had no interest in the proceeds represented by the check and order payment of those proceeds to plaintiff. We do not agree. Under the facts before us, the court could not determine the interest of Terry without its presence in the case. R.C.P.Colo. 19(a); Woodco v. Lindahl, 152 Colo. 49, 380 P.2d 234; Weng v. Schleiger, 130 Colo. 90, 273 P.2d 356. (See also R.C.P.Colo. 12(b)(6)).
The proper procedural steps to bring Terry before the court for a determination of its interests were not taken, since it was not a party plaintiff and since it was not a defendant because of failure of service of process. There is no evidence on which the trial court could find any enforceable debt or contract flowing between plaintiff and defendant for which the latter could be held liable; and no other theory to sustain the suit was advanced. The trial court, in effect, rewrote the check.
The judgment entered by the trial court is in error and is reversed with directions to dismiss the complaint.
COYTE and DUFFORD, JJ., concur.