564 P.2d 124 (1977)
Raymond E. CISSELL and Jeannette A. Cissell, Plaintiffs-Appellants,
v.
COLORADO STATE BOARD OF ASSESSMENT APPEALS, R. N. Patton, F. M. Peterson, Martin E. Fisch, as members of said Board, Arapahoe County Assessor's Office, William Wallace, as Arapahoe County Assessor, and Bernard Funk, as an employee of said Assessor's Office, Defendants-Appellees.
No. 76-408.
Colorado Court of Appeals, Div. III.
January 27, 1977.
Rehearing Denied March 3, 1977.
*126 Ralph B. Rhodes, Denver, for plaintiffs-appellants.
J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Billy Shuman, Sp. Asst. Atty. Gen., Denver, for defendants-appellees Colorado State Board of Assessment Appeals and its members.
Ronald S. Loser, Littleton, for defendants-appellees Arapahoe County Assessor's Office, William Wallace as Arapahoe County Assessor and Bernard Funk as an Employee of said Assessor's Office.
COYTE, Judge.
Plaintiffs appeal the judgment dismissing their complaint seeking review of a tax assessment. We affirm the judgment.
In 1975, plaintiffs received notice from the Arapahoe County assessor of an increase in the valuation of improvements on certain property owned by them. They requested administrative review of the decision. The Arapahoe County Board of Equalization and Colorado State Board of Assessment Appeals upheld the assessor's determination.
Plaintiffs thereafter filed a complaint in the district court alleging they had been aggrieved by the agency action and that defendants had acted arbitrarily, capriciously, and in excess of their jurisdiction. Pursuant to defendants' motion, the trial court dismissed the complaint on the ground that appellants had failed to join the Arapahoe County Board of Equalization in the action, and further ruled that subsequent proceedings were barred by the thirty-day limitation for perfection of appeals contained in § 39-8-108(2), C.R.S. 1973.
Plaintiffs contend that it was not necessary to join the county board as a party under § 24-4-106, C.R.S. 1973, and in any event, that the county board was not an indispensable party so as to warrant dismissal of the complaint for failure to join. We find no error in the trial court's ruling. Plaintiffs' theory is that under Board of County Commissioners v. State Board of Social Services, 186 Colo. 435, 528 P.2d 244 (1974), the county board is deemed to be only an "arm of the state," and that, consequently, the county board has no interests adverse to the state sufficient to confer standing on it to sue as a party, Nadeau v. Merit System Council, Colo.App., 545 P.2d 1061 (1975), and therefore neither is it a party for purposes of joinder. This reasoning is not persuasive.
The review proceedings initiated before the state board of appeals named the county board as respondent, and under the circumstances here, the county was functioning as a distinct political entity. See §§ 39-1-105 and 39-1-111, C.R.S. 1973. The principle enunciated in Nadeau v. Merit System Council, supra, is thus inapplicable, and the county board was properly regarded as a "party" by the trial court.
Section 24-4-106(4), C.R.S. 1973 provides that in a suit for judicial review of agency actions, "[e]very party in the agency action not appearing as plaintiff in such action . . . shall be made a defendant," the purpose of this requirement being to insure the complete and just adjudication of the rights of those having an interest in the subject matter of the litigation. Cf. Woodco v. Lindahl, 152 Colo. 49, 380 P.2d 234 (1963). And, failure to join an indispensable party in an action for review of an administrative proceeding is a defect of constitutional proportion requiring dismissal of the action. Hidden Lake Development Co. v. District Court, 183 Colo. 168, 515 P.2d 632 (1973); see also Columbine State Bank v. Banking Board, 34 Colo.App. 11, 523 P.2d 474 (1974).
The language of § 24-4-106(4), C.R.S. 1973, is mandatory in effect. See Sperry Rand Corp. v. Board of County Commissioners, 31 Colo.App. 444, 503 P.2d 356 (1972). And, we are not at liberty to disregard the clear legislative intent that all parties to an agency action must be made parties to a proceeding for judicial review. *127 See American Metal Climax, Inc. v. Claimant in re Death of Butler, 188 Colo. 116, 532 P.2d 951 (1975). Thus, we conclude that for purposes of judicial review in this case, the county board was an indispensable party under § 24-4-106(4), C.R.S. 1973. Therefore, the trial court's dismissal for failure to join the county board was correct. Hidden Lake Development Co. v. District Court, supra.
Appellants last maintain that even if the county board was an indispensable party, their request for judicial review was nevertheless perfected in timely fashion. However, part of the perfection of an action for judicial review includes the joinder of indispensable parties. City and County of Denver v. District Court, Colo., 540 P.2d 1088 (1975). Therefore, the statutory period within which a petition for judicial review was required to be filed had expired. Section 39-8-108(2), C.R.S. 1973.
The judgment dismissing appellants' complaint is affirmed.
ENOCH and RULAND, JJ., concur.