PIERCE and RULAND, JJ., concur.

Dr. Anthony **RICCI**, Plaintiff-Appellant,

v.

**STATE PERSONNEL BOARD**, State of Colorado, Defendant-Appellee.

No. 79CA0620.

Colorado Court of Appeals, Div. II.

Jan. 10, 1980.

Richard P. Ranson, Colorado Springs, for plaintiff-appellant.

Richard A. Tharp, Sp. Asst. Atty. Gen., Boulder, for defendant-appellee.

BERMAN, Judge.

Plaintiff appeals the judgment dismissing his complaint seeking review of his termination of employment at the University of Colorado at Colorado Springs. We affirm.

After the University terminated plaintiff's employment, plaintiff appealed to the State Personnel Board, naming the University as respondent. The Board upheld the University's disciplinary termination of the plaintiff, and thereafter, he instituted an appeal in the district court pursuant to § 24–4–106, C.R.S.1973. Upon the Board's motion, the court dismissed plaintiff's complaint for failure to join the University as an indispensable party as required by § 24–4–106(4).

Section 24–4–106(4), C.R.S.1973 (1978 Cum.Supp.) provides in pertinent part:

"Any party adversely affected or aggrieved by any agency action may commence an action for judicial review in the district court within thirty days after such agency action becomes effective. . . . *Every party* in the agency action not appearing as plaintiff in such action for judicial review *shall* be made a defendant. . . ." (emphasis supplied)

Plaintiff maintains that the University was "merely an agent of the State Personnel Board," and, therefore, was not an indispensable party for the purposes of § 24–4–106(4). In support of this position, plaintiff relies on *Martin v. District Court*, 191 Colo. 107, 550 P.2d 864 (1976); *Board of County Commissioners v. State Board of Social Services*, 186 Colo. 435, 528 P.2d 244 (1974); and *Nadeau v. Merit System Council*, 36 Colo.App. 362, 545 P.2d 1061 (1975). These cases, however, concern the definition of an adversely affected party with respect to standing to bring a suit, and are inapposite here.

Rather, *Cissell v. Colorado State Board of Assessment Appeals*, 38 Colo.App. 560, 564 P.2d 124 (1977) is the controlling authority in this case. There, interpreting § 24–4–106(4), this court held that an independent political entity named as respondent in an administrative review proceeding is an indispensable party in an action for judicial review within the meaning of § 24–4–106(4).

Applying *Cissell* to the facts of this case, we conclude that the University was an indispensable party, and had to be joined by the plaintiff. The University was named as respondent in the proceedings before the State Personnel Board and was, therefore, a "party in the agency action not appearing as a plaintiff in such action for judicial review . . . ." Furthermore, as the appointing and regulatory authority, § 23–20–112, C.R.S.1973, which terminated plaintiff's employment, the University, through the Board of Regents, Colo.Const., Art. 9, Sec. 12, was functioning as a separate and distinct political entity in the proceedings before the Board, *see* § 24–50–125, C.R.S.

1973, and thus, was not merely an agent of the State Personnel Board. Hence, the mandatory language of the statute required that the University be joined in any review proceeding.

Additionally, should the Board's decision be reversed on judicial review, the University would be adversely affected by such ruling. Thus, the University also must be joined in the review proceedings "to insure the complete and just adjudication of the rights of those having an interest in the subject matter of the litigation." *Cissell, supra.*

The judgment dismissing plaintiff's complaint is affirmed.

PIERCE and RULAND, JJ., concur.