## No. C-1811

**West-Brandt Foundation, Inc., a Louisiana non-profit corporation, d/b/a Singin' River Ranch v. Raymond E. Carper, Property Tax Administrator, Division of Property Taxation, and R. N. Patton, Martin E. Fisch, and F. M. Petersen, individually and as the Board of Assessment Appeals of the State of Colorado**

(608 P.2d 339)

Decided March 17, 1980.                    Rehearing denied March 31, 1980.

Robert C. Floyd, for petitioner.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Mary J. Mullarkey, Solicitor General, Billy Shuman, Special Assistant, General Legal Services Section, for respondents.

*En Banc.*

JUSTICE DUBOFSKY delivered the opinion of the Court.

We granted certiorari to review the decision of the court of appeals dismissing petitioner's appeal in *West-Brandt Foundation, Inc. v. Carper,* _____Colo. App. _____, 608 P.2d 355 (1978) for failure to join a county as an indispensable party to a challenge to the tax exempt status of property in the county. We reverse.

Petitioner West-Brandt Foundation (West-Brandt) objected to the loss of its tax exempt status for guest ranch property it owns in Clear Creek County. West-Brandt filed an application for exemption with the State Property Tax Administrator (Administrator) pursuant to section 39-2-117, C.R.S. 1973.[1] The Administrator ruled against West-Brandt and appeal was taken to the State Board of Assessment Appeals (Board) pur-

---

[1] Section 39-2-117, C.R.S. 1973:
"(1) Every application claiming initial exemption of real and personal property from general taxation under the provisions of section 39-3-101 (1)(e) to (1)(g) shall be made on forms prescribed and furnished by the property tax administrator, shall contain such information as may be required by the administrator, . . . The decision of the property tax administrator shall be issued in writing and a copy thereof furnished to the applicant and to the assessor, treasurer, and board of county commissioners of the county wherein such property is located.
"(5) An appeal from any decision of the property tax administrator may be taken by the board of county commissioners of the county wherein such property is located, or by any owner of taxable property in such county, or by the owner of the property for which exemption is claimed if exemption has been denied in full or in part . . . ."
Section 39-3-101, C.R.S. 1973:
"(1) The following shall be exempt from general taxation . . . .
(e)(I) Property, real and personal, that is owned and used solely and exclusively for religious worship . . . .
(f) Property, real and personal, owned and used solely and exclusively for schools, . . .
(g)(I) Property, real and personal, that is owned and used solely and exclusively for strictly charitable purposes and not for private gain or corporate profit . . . ."

suant to section 39-2-125, C.R.S. 1973.[2] When the Board ruled against West-Brandt, West-Brandt filed an action in the District Court of Clear Creek County.

The lawsuit named the Administrator and the Board as defendants. No representatives of Clear Creek County, the situs of the property, were named as defendants in the district court.[3] The defendants moved to dismiss on the ground that an indispensable party, Clear Creek County, had not been joined as a party within the statutory period for perfecting the action.[4] The trial court denied the motion and heard the case on the merits. The Court of Appeals, however, determined that the county was an indispensable party and dismissed West-Brandt's appeal from the trial court's decision on the merits.

West-Brandt filed under the state Administrative Procedure Act, section 24-4-106, C.R.S. 1973 (1979 Supp.), for judicial review of the Board's decision. Subsection (4) of section 24-4-106 provides "[E]very party in the agency action not appearing as plaintiff in such action for judicial review shall be made a defendant." The Court of Appeals, in dismissing West-Brandt's appeal, relied on an interpretation of this sentence in *Cissell v. Colorado State Board of Assessment Appeals,* 38 Colo. App. 560, 564 P.2d 124 (1977).[5] *Cissell* involved a valuation of property by the assessor in Arapahoe County. The Arapahoe County Board of Equalization was a party to the proceedings before the State Board of Assessment Appeals. The Court of Appeals there held that the language of

---

[2] Section 39-2-125, C.R.S. 1973:
"(1) The board [Board of Assessment Appeals] shall perform the following duties, such performance to be in accordance with the applicable provisions of article 4 of title 24, C.R.S. 1973:
(a) Adopt procedures of practice before and procedures of review by the board;
(b) (I) Hear appeals from orders and decisions of the property tax administrator filed not later than thirty days after the entry of any such order or decision; . . . ."
[3] A representative of the Clear Creek County Assessor was present at the hearing before the Administrator, and the Administrator's Determination on October 18, 1976, recited: "Maynard Oetter appeared on behalf of Clear Creek County." Apparently, Mr. Oetter stated at the hearing that he was there as an observer only; he did not offer evidence or participate in the proceedings. Clear Creek County was not named as a party in the proceedings before the Board and no appearance was made on behalf of the County before the Board.
[4] Section 24-4-106, C.R.S. 1973 (1979 Supp.):
"(4) Any party adversely affected or aggrieved by any agency action may commence an action for judicial review in the district court within thirty days after such agency action becomes effective . . . ."
[5] Two of the cases relied upon by the Court of Appeals here are actions which properly are brought under C.R.C.P. 106. *Woodco v. Lindahl,* 152 Colo. 49, 380 P.2d 234 (1963) and *Denver v. District Court,* 189 Colo. 342, 540 P.2d 1088 (1975). In Rule 106 cases, C.R.C.P. 19 generally provides the test for proper joinder of parties. *But see, Board of County Commissioners v. District Court,* 199 Colo. 338, 607 P.2d 999 (1980). Because we find that the General Assembly specifically has addressed the question of joinder in section 24-4-106, Rule .19 is not applicable in proceedings brought under the state Administrative Procedure Act. *See* C.R.C.P. 81(a): "These rules do not govern procedure and practice in any special statutory proceeding insofar as they are inconsistent or in conflict with the procedure and practice provided by the applicable statute."

section 24-4-106 was mandatory and that any person or agency who had been a party to the proceeding before the state agency was required to be included as a party in the action for judicial review.

*West-Brandt* is factually distinguishable from *Cissell* because in *West-Brandt* the county was not a party to the proceedings before the Board of Assessment Appeals. Thus, whether the county meets the statutory requirement as a mandatory party in an action for judicial review depends on whether the county should have been included in the administrative proceeding.

An exemption from property tax is initiated at the state rather than the county level by filing an application for exemption with the Administrator. Section 39-2-117, C.R.S. 1973. This gives the Administrator the ability to apply the definitions for exempt property[6] in a uniform manner throughout the state.[7] At the hearing in this case, all the evidence was about the nature of the use of the property and whether such use met the statewide statutory exemption requirement. Such a statewide concern can be resolved adequately by state officials. Although the county is not barred from participation,[8] the General Assembly has not required the county's presence in these cases.

The action for judicial review of the decision of the Board was perfected within the statutory time limit, and the appeal should not have been dismissed by the Court of Appeals. We therefore reverse the judgment of the Court of Appeals and remand to the Court of Appeals for further proceedings.

JUSTICE GROVES and JUSTICE LEE do not participate.

---

[6] Section 39-3-101, C.R.S. 1973 (1979 Supp.).

[7] In contrast, when the issue is proper valuation of property, a determination dependent on local property values, the procedure begins with a protest to the county assessor and review by the county commissioners sitting as the county board of equalization before appeal may be taken to the State Board of Assessment Appeals. Section 39-8-101, *et seq.*, C.R.S. 1973 (1979 Supp.).

[8] The county commissioners, as well as any property owner in the county, may appeal the decision of the Administrator. Section 39-2-117(5), C.R.S. 1973. Thus, those who were not parties to the proceeding before the Administrator are given the opportunity to appeal to the State Board of Assessment Appeals. In addition, the rules of the Board of Assessment Appeals provide an opportunity for the county to participate. Rule 7(d) directs the secretary of the Board to give notice of the proceeding to those with a "direct interest" in the case. 8 CCR 1301-1. A county may intervene in the proceeding pursuant to Rule 22 (8 CCR 1301-1), or the Board may ask the county to file an answer or furnish information. Rule 11 (8 CCR 1301-1).