## No. 79SA526

**The Board of County Commissioners of the County of Arapahoe, State of Colorado v. District Court in and for the County of Arapahoe and State of Colorado and the Honorable Joyce S. Steinhardt, one of the Judges thereof**

(607 P.2d 999)

Decided March 17, 1980.

McMartin, Burke, Loser & Fitzgerald, P.C., Ronald S. Loser, Herbert C. Phillips, for petitioner.

Roath & Brega, P.C., Jack W. Berryhill, for respondents.

*En Banc.*

JUSTICE DUBOFSKY delivered the opinion of the Court.

This is an original proceeding in the nature of prohibition filed pursuant to C.A.R. 21 by Petitioner Board of County Commissioners of Arapahoe County. We issued a rule to show cause why the Defendant District Court should not be required to dismiss the pending action of *Wolhurst Adult Community v. Board of County Commissioners* for failure to join an indispensable party. We now discharge the rule.

Wolhurst Adult Community (Wolhurst), a Colorado limited partnership, owns property in Arapahoe County. In 1971 that property was annexed by the City of Littleton, Colorado (City). Prior to the annexation the property was part of the Littleton Fire Protection District (District) and Wolhurst paid taxes to the District for fire protection. Because of an oversight, the property remained on the valuation list for the District following annexation to the City. As a result, Wolhurst paid taxes to both the City and to the District for the same fire protection.[1] Complicated coding on the tax notice prevented discovery of the double tax payment. When Wolhurst discovered the double payment, it advised the Littleton City Attorney that the property was on both tax rolls. The City filed a petition in the District Court of Arapahoe County requesting that the property be excluded as of 1978 from the District's valuation list. The petition was granted.

On November 6, 1978, Wolhurst filed a petition with the Board of Arapahoe County Commissioners (Commissioners) for refund of taxes paid to the District from 1972 to 1977. The petition was denied on June 4, 1979 on the ground that the taxes were not erroneously or illegally paid. On July 2, 1979 Wolhurst filed a district court action under C.R.C.P. 106 naming as defendant the Commissioners. The Commissioners moved to dismiss, alleging the District was an indispensable party not properly joined within 30 days. The trial court denied the motion, and the Commissioners filed a petition for the issuance of a rule to show cause.

Disposition of this petition depends upon whether under the statutory scheme for seeking a tax refund the District is a necessary party within C.R.C.P. 19(a).[2]

---

[1] The District contracts for fire protection provided by the City.

[2] C.R.C.P. 19 provides in part:

"(a) A person who is properly subject to service of process in the action shall be joined as a party in the action if: (1) In his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may: (A) As a practical matter impair or impede his ability to protect that interest . . . .

(b) If a person as described in subsections (a)(1) and (a)(2) of this Rule cannot be made a party, the court shall determine whether in the interest of justice the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable . . . ."

The petitioner claims that the District is an indispensable party as defined by C.R.C.P. 19(b). However, we conclude that the District is not a necessary party as defined by C.R.C.P. 19(a). Therefore, the District cannot be an indispensable party which properly must be joined within 30 days. *See Civil Service Commission v. District Court*, 186 Colo. 308, 527 P.2d 531 (1974).

We find that the District is not a necessary party and, therefore, cannot be an indispensable party. Therefore, the trial court was correct in allowing the action to proceed.

Here, the defendant Commissioners argue that the District has received and spent the money the District would be required to refund to Wolhurst.[3] Generally, the interest of the District in the money it has received would be sufficient to make it a necessary party to the litigation under C.R.C.P. 19(a). *Cf. Orr Construction Co. v. Ready Mixed Concrete Co.*, 28 Colo. App. 273, 472 P.2d 193 (1970). However, the District's interests in this litigation is limited by the statutory scheme for tax refunds.

Historically, a taxpayer seeking a tax refund has not been required to file a separate suit against each agency to which the tax proceeds have been distributed. Claims made solely against the county have been upheld because, by simple bookkeeping, the county can charge a pro-rata share of the tax refund to all other agencies for which it collects taxes. *Union Pacific R.R. Co. v. Board of Commissioners,* 217 F. 540 (8th Cir. 1914), *rev'd on other grounds,* 247 U.S. 282, 38 S.Ct. 510, 62 L.Ed. 1110 (1918); *Board of County Commissioners v. Doherty,* 114 Colo. 594, 168 P.2d 556 (1946).

■ The refund procedure at the county level has been codified.[4] A dissatisfied taxpayer petitions the Commissioners for a refund. The Commissioners must hold a hearing at which the county assessor may be present. There is no provision in the statute for the presence of any other taxing entity. Thus, the Commissioners represent all jurisdictions which have received taxes subject to refund. Once the Commissioners recommend the refund and the state Property Tax Administrator approves it, the Commissioners order the affected jurisdictions to pay the amounts claimed.

Here, the Commissioners did not recommend a refund, and Wolhurst's proper recourse was suit filed under C.R.C.P. 106. The General Assembly has determined that in the tax refund matters under section 39-

---

[3] Section 39-1-113, C.R.S. 1973 (1979 Supp.) provides that the Commissioners order the refund of taxes pro rata by all jurisdictions receiving payment thereof.

[4] Section 39-1-113, C.R.S. 1973 (1979 Supp.):

"No abatement or refund of taxes erroneously or illegally levied shall be made by the board of county commissioners unless a hearing is had thereon, at which hearing the assessor shall have the opportunity to be present. Whenever any abatement or refund is recommended by the board of county commissioners, an application therefor, reciting the amount of such abatement or refund and the grounds upon which it should be allowed, shall be submitted to the administrator for his review pursuant to section 39-2-116. If an application is approved, the board of county commissioners shall order the abatement of taxes pro rata for all levies applicable to such property, or, in the case of a refund, the board of county commissioners shall order the refund of taxes pro rata by all taxing jurisdictions receiving payment thereof."

1-113, C.R.S. 1973 (1979 Supp.), the interests of the District can be represented by the Commissioners. Our conclusion reflects the purpose of the legislatively created centralized tax collection system: the promotion of efficiency and simplicity both for the taxpayer and for the jurisdictions entitled to tax revenue. Therefore, the District is not a necessary party or an indispensable party to the C.R.C.P. 106 action. The trial court acted within its jurisdiction in determining that *Wolhurst Adult Community v. Board of County Commissioners* should not be dismissed.

Rule discharged.