James D. CROCKER, Plaintiff-Appellant,

v.

COLORADO DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, Defendant-Appellee.

No. 81SA564.

Supreme Court of Colorado, En Banc.

Oct. 25, 1982.

---

LOHR, Justice.

James D. Crocker appeals from a judgment of the Jefferson County District Court that affirmed an order of a hearing officer of the Colorado Department of Revenue determining that the appellant is an habitual traffic offender [1] and ordering that his driver's license be revoked for a five year period. *See* sections 42–2–202 and –203, C.R.S.1973 (1981 Supp.). We affirm.

On June 6, 1978, a hearing was held before a hearing officer of the Colorado Department of Revenue to determine whether the appellant had accumulated the requisite number and types of convictions within a seven year period to fall within the statutory definition of an habitual traffic offender. *See* sections 42–2–202 and –203. Based upon Crocker's driving record and other evidence presented, the hearing officer determined that the appellant was an habitual traffic offender and on June 6 revoked his license to operate a motor vehicle in Colorado for five years. *See* sections 42–2–203 and 42–2–205, C.R.S.1973.

Crocker appealed to the Jefferson County District Court. Shortly before the expiration of one year from the initiation of the appeal, the appellee, Colorado Department of Revenue, Motor Vehicle Division, moved to dismiss the appeal under a local rule of court for lack of prosecution. The court granted the motion on February 7, 1980. Crocker did not appeal from the judgment of dismissal.

On February 25, 1980, the appellant filed a complaint in Jefferson County District Court challenging the hearing officer's June 6, 1978, license revocation order on the basis that section 42–2–202 of the habitual traffic offender statute is unconstitutional because it gives equal effect to traffic offenses of widely varying degrees of seriousness in determining whether the violator is an habitual traffic offender, and because the license revocation remedy is unduly harsh and punitive. The district court treated the proceeding as one for review of the hearing officer's order and directed that the admin-

William R. Dowhan, Aurora, for plaintiff-appellant.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., James R. Willis, Sp. Asst. Atty. Gen., for defendant-appellee.

---

1. We use the term "habitual traffic offender" for clarity, recognizing that the statutory char- acterization is "habitual offender." *See* section 42–2–202(1).

istrative record be certified to the court. On October 6, 1980, when the record had not been filed notwithstanding two extensions of time for that purpose, granted on Crocker's motion, Crocker moved for a default judgment based on the delay in filing. That motion was heard on December 10, 1980. At that hearing the court learned that the administrative record was on file in the earlier district court review proceeding, which had been dismissed on February 7, 1980, for lack of prosecution. The court denied the default judgment motion and ordered the administrative record transferred to the review proceeding then before it. After the record was filed, the court considered the matter on its merits on March 27, 1981, and affirmed the hearing officer's license revocation order. Crocker appealed from the district court's judgment.

On appeal Crocker asserts that the district court erred in denying his motion that a default judgment be entered because of the delay in filing the administrative record. He also challenges the use of an allegedly unconstitutionally obtained conviction as a predicate for the hearing officer's determination that he was an habitual traffic offender. Furthermore, the appellant contends that section 42–2–203, pursuant to which his license was revoked, fails to accord him due process of law and equal protection of the laws under *U.S. Const.* amend. XIV.[2]

In response, the appellee contends that the appeal should be dismissed because the dismissal of the earlier appeal for lack of

prosecution is dispositive of this case under the principle of *res judicata* and because the present appeal is not timely. We consider first the effect of the earlier review proceeding and the timeliness of the appeal now before us and then address the merits of the appellant's assertions of error.

I.

A.

The appellee points out in its answer brief that the order of license revocation that is the subject of the review proceeding now before us was challenged in the earlier appeal to the district court. That prior action was dismissed for failure to prosecute and the judgment of dismissal was not appealed. The appellee asserts, for the first time on appeal, that the doctrine of *res judicata* bars further consideration of alleged defects in the proceedings before the hearing officer.

 While the appellee's claim is persuasive,[3] we decline to uphold the license revocation on this ground because the appellee has waived its right to assert this claim on review. Parties to a statutory appeal proceeding in district court for review of a hearing officer's order revoking a driver's license must comply with the Colorado Rules of Civil Procedure in asserting their claims and defenses. Sections 42–2–127(1) and 24–4–106(4), C.R.S.1973 (1981 Supp.). Those rules provide that *res judicata* is an affirmative defense to a claim of an opposing party and must be set forth af-

2. The case was transferred to this court from the Colorado Court of Appeals pursuant to section 13–4–110(1)(a), C.R.S.1973, because the constitutionality of a statute is in question. *See* section 13–4–102(1)(b), C.R.S.1973.

3. The doctrine of *res judicata* provides that an existing judgment is conclusive of the rights of the parties in a subsequent suit on the same claim as to all issues decided or that might have been decided. *Pomeroy v. Waitkus,* 183 Colo. 344, 517 P.2d 396 (1974). The doctrine applies only to final judgments on the merits. *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *Whitman v. People,* 161 Colo. 117, 420 P.2d 244 (1966). An involuntary dismissal of an action for failure of the plaintiff to prosecute constitutes a final adjudication on

the merits, unless the trial court order specifies otherwise. C.R.C.P. 41(b)(1); *O'Done v. Shulman,* 124 Colo. 445, 238 P.2d 1117 (1951). While dismissal in this case was pursuant to a local court rule, such court rules may not be construed in a manner inconsistent with relevant Colorado Rules of Civil Procedure—in this case, C.R.C.P. 41(b)(1). C.R.C.P. 83. Because the appellee has not properly presented its claim, we do not decide whether and to what extent this standard *res judicata* analysis, usually applied to bar relitigation of issues decided in a trial court as the initial adjudicatory forum, is applicable to preclude reconsideration of issues cognizable by the district court in performing its appellate review function in the instant case.

firmatively in a responsive pleading by the party relying on the defense. C.R.C.P. 8(c). Failure to plead an affirmative defense as required by C.R.C.P. 8(c), and failure to present any evidence or argument on the matter in the district court, preclude us from reviewing the issue. *Hercules Equipment Co. v. Smith,* 138 Colo. 458, 335 P.2d 255 (1959). In this case, the appellee's answer to the appellant's complaint failed to set forth the defense of *res judicata* and the district court did not address the issue. Under these circumstances, we decline to consider the appellee's claim that established *res judicata* principles applicable to preclude relitigation of issues decided by the trial court as the initial adjudicatory tribunal are equally applicable to preclude relitigation of issues before the district court performing its review function in the present proceeding.

### B.

■ The appellee also asserts that, because the thirty-day period from the June 6, 1978, date of effective agency action had expired before the present suit was commenced, the action should be dismissed for failure to initiate this review proceeding within the required time. *See* section 42–2–127(1), C.R.S.1973. Section 24–4–106, C.R.S.1973 (1981 Supp.), to which section 42–2–127(1) refers, is the exclusive means of review of proceedings under section 42–2–203 for revocation of a driver's license. *See People v. District Court,* Colo., 612 P.2d 87 (1980). Failure to perfect an appeal within the statutory thirty-day limit mandates dismissal. *West-Brandt Foundation, Inc. v. Carper,* 44 Colo.App. 137, 608 P.2d 355 (1978), *rev'd. on other grounds,* 199 Colo. 334, 608 P.2d 339 (1980). *See Clasby v. Klapper,* 636 P.2d 682 (Colo.1981). The remaining question is whether the fact that some of the issues now raised on appeal were not cognizable by the hearing officer insulates those issues from the timely appeal requirement.

■ The appellant's principal grounds for challenging the hearing officer's order are the asserted constitutional invalidity of one of his underlying traffic convictions and the claimed unconstitutionality of the license revocation statute, section 42–2–203. We have recently held that a hearing officer in a license revocation hearing is to determine whether the licensee has sustained the requisite number of convictions by reference to the licensee's driving record only and may not address a constitutionally-grounded collateral attack upon one of the convictions used as a predicate for habitual traffic offender status. *State v. Laughlin,* 634 P.2d 49 (Colo.1981). We have also held that an administrative body cannot rule on the constitutionality of its enabling legislation. *Clasby v. Klapper, supra.* Such constitutional issues can be raised in the district court on appeal from the administrative order. Section 42–2–127(1) and 24–4–106(7), C.R.S.1973; *see Clasby v. Klapper, supra.* The question suggested is whether failure to appeal from the judgment of dismissal for failure to prosecute precludes review of those issues in a second district court review proceeding filed after the thirty-day time limit has expired. The parties have not briefed those issues, and we elect not to address it in absence of a full adversary presentation. Instead, we proceed to the merits of the appellant's challenges on constitutional grounds as well as his other assignment of error.

### II.

■ The appellant argues that one of the traffic convictions upon which habitual traffic offender status is predicated was unconstitutionally obtained because he was not given a proper advisement under Crim.P. 11(b) before entering a plea of guilty. The record contains nothing but a naked assertion by the appellant in support of his contention. Even if a claim that a predicate conviction was unconstitutionally obtained may be raised in a proceeding for review of a hearing officer's license revocation decision, an issue we do not decide today, the person asserting that challenge must at a minimum establish a prima facie basis for his claim of unconstitutionality. *Cf. People v. Roybal,* 618 P.2d 1121 (Colo. 1980) (involving a criminal prosecution for driving after judgment prohibited, contrary to section 42–2–206, C.R.S.1973). Such a

prima facie showing can be established by presenting unrebutted testimony that no advisement or an inadequate advisement was given. *See People v. Morrison,* 196 Colo. 319, 583 P.2d 924 (1978). The trial court found, and the record confirms, that the appellant neither submitted the county court transcript of his earlier conviction nor presented testimony that he was improperly advised. Thus, it is unnecessary to consider this claimed error further.

### III.

 The appellant asserts due process and equal protection challenges to the constitutionality of sections 42–2–202 and –203 on their face. First, he argues that the statutes deny him due process of law because inadequate procedural safeguards are afforded. This is the same asserted infirmity that we found without merit in *People v. McKnight,* Colo., 617 P.2d 1178 (1980), where we upheld the constitutionality of the statute. We reaffirm our conclusion in that case that the statute contains adequate procedural safeguards.

 Second, the appellant asserts that he is denied equal protection because the habitual traffic offender statute does not distinguish between the lesser offense of driving while ability impaired and the greater offense of driving under the influence of intoxicating liquor or drugs. We have previously held that the right to drive an automobile on the state highways does not rise to the status of a fundamental right. *Heninger v. Charnes,* Colo., 613 P.2d 884 (1980). Because no other fundamental right or suspect class is implicated by the habitual traffic offender statute, we proceed to consider the appellant's equal protection argument by applying the rational basis test rather than strict judicial scrutiny. *See id.* The habitual traffic offender statute is aimed at drivers who chronically disregard traffic laws, rather than those who commit one serious transgression. *See Fuhrer v. Department of Motor Vehicles,* 197 Colo. 325, 592 P.2d 402 (1979). The legitimate legislative purpose of removing from the highways those drivers who have demonstrated repeatedly the inability or unwillingness to conform to the traffic laws

provides a rational basis for including several different types of traffic offenses of varying degrees of seriousness as predicate convictions for a finding of habitual traffic offender status. Accordingly, we reject the appellant's argument that he has been denied equal protection of the laws.

### IV.

 The appellant argues that he was denied a prompt review of the hearing officer's order revoking his license because of the appellee's noncompliance with rules of procedure in failing to certify the administrative record in a timely fashion. The appellant's argument ignores the fact that his first action for review of the hearing officer's order was dismissed for his own failure to prosecute the claim. In addition, from the inception of the present action, the appellant was aware of the fact that the administrative record was on file in the earlier revocation proceeding. As the trial court found,

> [n]o showing has been made by [the appellant] that the Motor Vehicle Department refused to act promptly. In fact, a transcript of the hearing was filed in Division I of the District Court on October 20, 1978. Since that date, [the appellant] has known that a transcript was available and at the Court's disposal. Had [the appellant] informed the Court or [the appellee] that such transcript was on file, this matter would have no doubt concluded some time ago.

We perceive no prejudice to the appellant by reason of the delay in certifying the administrative record to the district court.

Concluding that all of the appellant's contentions of error are without merit, we affirm the judgment of the district court.

ROVIRA, J., specially concurs.

HODGES, C.J., joins in this special concurrence.

ROVIRA, Justice, specially concurring:

I concur in the result reached in the majority opinion, but disagree in the analysis and conclusion reached in Part I B.

The appellant's second law suit, initiated by filing a complaint attacking as facially unconstitutional the habitual traffic offender statute, was filed almost two years after the hearing officer's license revocation order.

The appellee contends, and I agree, that section 24–4–106(4), C.R.S.1973 (1981 Supp.), which requires that "any person adversely affected or aggrieved by any agency action may commence an action for judicial review in the district court within thirty days after such action becomes effective; . . . ." mandates dismissal because the second law suit was not filed within the required time.

Quite recently in *Clasby v. Klapper*, 636 P.2d 682 (Colo.1981), we stated as a general rule that a person seeking to exercise a statutorily provided right of review must comply with the time limitations imposed by that statute; failure to bring a proceeding within the applicable time limit is a jurisdictional defect; and a party cannot circumvent these limitations on his right of review by attempting to obtain declaratory or injunctive relief where the prescribed avenue of review is adequate. *Id.* 684.

In *Clasby* the person aggrieved by the agency action argued that since an administrative body could not decide the constitutionality of its enabling legislation he was not limited to the statutory review provided by section 12–23–120, C.R.S.1973 (Repl.Vol. 5). In denying the validity of that argument, we stated that three questions must be answered. First, whether the statute prescribing the method of appeal from an agency decision contemplates that facial constitutional challenges to the statute under which the agency acts may be asserted on appeal. Second, whether the statutory appeal procedure is intended to provide the exclusive means of asserting such challenges. Third, whether the appeal procedure is adequate.

Answering all three questions in the affirmative, we concluded that the statutory review procedure in section 12–23–120, C.R.S.1973 (Repl.Vol. 5), was the appropriate and exclusive means of challenging the facial constitutionality of the licensing statute involved in that case.

A comparison of section 12–23–120 [1] and section 24–4–106 leads me to believe that the same conclusion is applicable in this case.

Section 24–4–106 contemplates that a facial constitutional challenge may be made to the statute which authorized the revocation of appellant's license. Section 106(7) states in part that if the reviewing court finds "that the agency action is arbitrary or capricious, a denial of statutory right, contrary to constitutional right, power, privilege, or immunity . . . then the court shall hold unlawful and set aside the agency action . . . ." This statutory provision provides appellant ample opportunity to test the constitutionality of section 42–2–202, C.R.S.1973 (1981 Supp), in a judicial review proceeding pursuant to section 24–4–106(4).

Section 24–4–106(4) provides for expeditious review of administrative action by requiring that a judicial proceeding be filed within thirty days of the decision. Further, the review procedures of section 24–4–106(4) must be considered exclusive for the same reasons as so cogently stated in *Clasby v. Klapper, supra.*

Finally, I am convinced that the review procedure set out in section 24–4–106(4) provides, as we said in *Clasby*, "an avenue for the plain, speedy and adequate vindication of [appellant's] rights." *See People v. District Court*, Colo., 612 P.2d 87 (1980).

I believe that Part I B of the majority opinion makes more confusing an already confusing area of the law. I am of the opinion that since the appellant failed to comply with the applicable statutory review

---

1. Section 12–23–120, C.R.S.1973 (Repl.Vol. 5), states in pertinent part:

"Appeals. Any person aggrieved by a decision of the board and affected thereby shall be entitled to judicial review by filing in the district court . . . within ninety days after the decision of the board, an action requesting such review." Review shall be by the court without a jury, and a decision of the board shall be reversed or set aside only if it is contrary to constitutional rights or privileges . . . ."

procedure he is precluded from obtaining review and would remand to the district court for entry of a judgment of dismissal.

I am authorized to say that Chief Justice HODGES joins in this special concurrence.