Mary Anne MAURER, Property Tax Administrator, State of Colorado, Petitioner,

v.

LOYAL ORDER OF MOOSE LODGE NO. 484, and the Board of Assessment Appeals, State of Colorado, Respondents.

No. 88SC99.

Supreme Court of Colorado,
En Banc.

Sept. 18, 1989.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Larry A. Williams, First Asst. Atty. Gen., Denver, for petitioner.

Burton, Busch & Garcin, Robert A. Garcin, Loveland, for respondent Loyal Order of Moose Lodge No. 484.

No appearance for respondent Bd. of Assessment Appeals.

Justice LOHR delivered the Opinion of the Court.

This case was argued and considered together with *Maurer v. Young Life,* 779 P.2d 1317, also announced today. In the present case, the Loyal Order of Moose Lodge No. 484 (Lodge) filed an application with the Property Tax Administrator (Administrator) for a charitable tax exemption from 1984 property taxes owed on real property in Larimer County. §§ 39–2–117, 39–3–101(1)(g), 16B C.R.S. (1982). After conducting a field inspection of the property, the Administrator denied the Lodge's exemption application.

The Lodge appealed the Administrator's decision to the Board of Assessment Appeals. § 39–2–117(5). After holding a hearing, the Board reversed the Administrator's decision and ordered her to grant the property tax exemption. The Board also found that the matter was one of statewide concern. The Administrator then filed a complaint in the Larimer County District Court seeking judicial review of the Board's order. The Lodge moved to dismiss the complaint on the ground that the administrator had no standing under section 24–4–106, 10A C.R.S. (1988), to challenge the Board's decision. The district court denied the Lodge's motion to dismiss, but on review of the merits it affirmed the Board's order.

The Administrator then appealed to the Colorado Court of Appeals. In an unpublished decision, the court of appeals held that the Administrator lacked standing to seek judicial review of the Board's decision. *Maurer v. Loyal Order of Moose Lodge No. 484,* No. 87CA0194, slip op. at 1 (Colo. App. Jan. 14, 1988). The court of appeals then dismissed the appeal and remanded the case to the district court with instructions to dismiss the Administrator's com-

plaint.[1]  We granted the Administrator's petition for certiorari to review the court of appeals' decision.

In concluding that the Administrator lacked standing, the court of appeals relied solely on its decision in *Maurer v. Young Life*, 751 P.2d 653 (Colo.App.1987).  We also granted certiorari to review the court of appeals' decision in *Young Life*, and in that case we concluded that pursuant to section 39–2–117(6), 16B C.R.S. (1988 Supp.), the Administrator does have standing to seek judicial review of the Board's decisions on property tax exemption for 1984 and later property tax years.  *Maurer v. Young Life*, 779 P.2d 1317 (Colo.1989).  Because the Administrator has alleged the same injury as in *Young Life*, and because only the 1984 tax year is at issue here, our decision in *Young Life* is controlling.  Thus, the Administrator has standing in the present case to obtain judicial review of the Board's decision pursuant to section 39–2–117(6).[2]  Accordingly, we reverse the judgment of the court of appeals and remand this case to the court of appeals for a determination of the Administrator's appeal on the merits.[3]

---

1.  Judge Tursi dissented to the court of appeals' decision, stating that he would find that the Administrator had standing and would reverse the Board's decision on the merits.  *Maurer*, No. 87CA0194, slip op. at 2 (Colo.App. Jan. 14, 1988) (Tursi, J., dissenting).

2.  The Lodge contends that standing under § 39–2–117(6) is not available in this case because the Board granted the Administrator's request for a finding of statewide concern pursuant to § 39–8–108(2), 16B C.R.S. (1988 Supp.), not § 39–2–117(6).  § 39–8–108(2) concerns appeals from Board decisions regarding valuation of property for assessment and is inapplicable to the property tax exemption determination at issue here.  *See West–Brandt Foundation v. Carper*, 199 Colo. 334, 337 n. 7, 608 P.2d 339, 341 n. 7 (1980).  However, because the Board's stan-

dards for determining whether a matter is one of statewide concern do not depend on whether the request is made under § 39–2–117(6) or § 39–8–108(2), *see* 8 CCR 1301–1 (Rule 25: Statewide Concern), the erroneous reference to § 39–8–108(2) in this instance does not preclude the application of the finding of statewide concern to support the Administrator's standing under § 39–2–117(6).

3.  We decline to address the merits here since we granted certiorari only on the issues of standing and the Administrator's right to appeal from Board decisions regarding property tax exemptions.  Because the merits of the Administrator's appeal were neither briefed nor argued before this court, we cannot properly address the merits in this certiorari proceeding.