No. 13,664.

KOENIG, COUNTY TREASURER ET AL. *v.* JEWISH CON-
SUMPTIVES' RELIEF SOCIETY.

(55 P. [2d] 325)

Decided February 24, 1936.

Mr. WILLIAM L. BOATRIGHT, Mr. PAUL P. PROSSER, At-
torney General, Mr. CHARLES ROACH, First Assistant, for
plaintiffs in error.

Mr. JOHN C. VIVIAN, Mr. PHILIP HORNBEIN, for defend-
ant in error.

*En Banc.*

MR. JUSTICE BURKE, sitting for MR. CHIEF JUSTICE
CAMPBELL, delivered the opinion of the court.

PLAINTIFFS in error are hereinafter referred to as the
County and defendants in error as the Society.

254

This record presents the simple question of the taxability of personal property devoted solely to charitable purposes. The Society brought injunction to prohibit the County from taxing its dairy equipment and livestock so devoted. A demurrer to the complaint was overruled. The County elected to stand, and to review the judgment thereupon entered it prosecutes this writ.

■ We feel compelled, most reluctantly, to reverse this judgment. Tax exemptions are provided for in article X of our Constitution. Section 3 thereof exempts "personal property" to the value of $200 to the head of a family. Section 4 exempts public property "real and personal." Section 5 (so far as here applicable) exempts "Lots, with buildings thereon, if said buildings are used solely and exclusively * * * for strictly charitable purposes * * *," and section 6 reads: "All laws exempting from taxation, property other than that hereinbefore mentioned shall be void."

It thus appears that the constitution makers had clearly in mind the usual classification of property into real and personal. When they meant personal property they said so. When they said "Lots with buildings thereon" they did not say "personal property," unless in rare instances when such buildings could be so classified. Certainly they did not say "cows." That cows have a direct relation to land and are devoted to the same purpose does not alter the situation. Most personal property, in the use to which it is devoted, is inseparable from land. This is true of every farmer's cows, horses, machinery and household goods; but these are not thereby converted into land or buildings. Said section 3 exempts from separate taxation certain ditches, canals and flumes. These are worthless unless cleaned and repaired. But the exemption does not reach the horses, machinery and tools with which the cleaning and repairing is done.

■ True, we have been most liberal in our construction of said section 5, but in no case have we held live-

stock included in the phrase "Lots, with buildings thereon," nor can we find any rule of construction, or any authority, justifying us in so doing. This is no question of our disposition, our liberality, or our opinion as to what the law should be. We are bound by the Constitution. Its makers could as well have exempted only "livestock used solely and exclusively for charitable purposes," and though such use of such livestock were impossible without the use of land no foot of ground would thereby be exempted. The language is plain, its meaning clear, and no absurdity is involved. Hence there is nothing to interpret. We must enforce it as written. *People ex rel. Seeley v. May,* 9 Colo. 80, 10 Pac. 641.

The judgment is reversed and the cause remanded for further proceedings in harmony herewith.

Mr. Chief Justice Campbell not participating.

Mr. Justice Holland dissents.

Mr. Justice Holland, dissenting.

That the institution owning and using the dairy herd sought to be taxed, is a charitable institution carrying on a great nonprofit humanitarian service, is not questioned. Neither is it questioned that the herd is solely used by the institution in connection with its charitable purpose. This is so admittedly true that unquestionably it would support a claim for exemption if an attempt was made to tax the realty.

In adopting an extreme liberal rule of construction with reference to the constitutional exemption of "lots, with the buildings thereon, if said buildings are used solely and exclusively for religious worship, for schools, or for strictly charitable purposes * * *," this court has gone so far as to exempt vacant property upon a declared intention to use the same for a purpose making it exempt from taxation, and it now says "When they said 'lots with buildings thereon' they did not say, 'personal

property,' *unless in rare instances when such buildings could be so classified."* If, in the latter case, a building could be so classified, its use would determine the exemption. According to the express language of the Constitution, there is but one condition essential to exemption from taxation, and that is the use. It is apparent that there is room for a well founded doubt as to the intention of the framers of the Constitution with reference to the grant of exemptions to charitable institutions, and this being so, we may resort to construction. An absurdity is involved. The provisions of the Constitution do not forbid the exemption here claimed. It does forbid exemption of property used for other purposes. In fact, the undoubted truth is that the spirit of the provision favors exemption, and if so, are we then to say that the latter destroys? It undoubtedly was the understanding of the time, when the Constitution was brought into existence, that if a charitable purpose was fostered and not hampered by taxation, that it would relieve a governmental burden that might have to be otherwise borne. This conclusion is clearly supported by the construction placed upon the exemption provisions by the taxing authorities, so far as I know, during all the period since the adoption of the Constitution. Is this custom now to be abandoned contrary to the so made public policy of the state as expressed by the administrative officials and also apparent from the Constitution itself? The door is now opened, by the majority opinion, to tax all the personalty of charitable, religious and educational institutions even though its use was made the reason for the exemption of the realty on which it might be located or used. I believe public policy forbids.

This institution, with its herd of dairy cattle and other equipment necessary to further the charitable purpose, and used strictly therefor, is an inseparable unit for the uses and purposes intended, and is equally inseparable for taxation purposes. I cannot believe it was ever in-

tended to grant an exemption for *use* for charitable reasons and then destroy the use by taxation.

I respectfully dissent.