No. 14,917.

LOGAN IRRIGATION DISTRICT ET AL. *v.* HOLT, ASSESSOR
ET AL.
(133 P. [2d] 530)

Decided January 11, 1943.

Mr. MARCUS C. LEH, Mr. T. E. MUNSON, for plaintiffs in error.

Messrs. CHUTKOW & ATLER, Mr. IRVING ZVEITEL, for defendants in error.

Messrs. SMITH, BROCK, AKOLT & CAMPBELL, Mr. R. A. DICK, Mr. STOTEN R. STEPHENSON, Mr. GEORGE A. EPPERSON, amici curiae.

*En Banc.*

Mr. Justice Goudy delivered the opinion of the court.

This proceeding is here on writ of error for review of a judgment of the district court of Washington county refusing an injunction to restrain the assessment of certain properties for taxation.

Plaintiffs in error, the Logan Irrigation District, the Iliff Irrigation District, and the Morgan-Prewitt Reservoir Company, a mutual ditch company, are the owners of an irrigation system known as the Prewitt Reservoir System, consisting of an intake ditch from the South Platte River, the reservoir, and outlet ditches to carry the stored water to the lands of the various landowners for their exclusive use for irrigation under said system.

For a number of years the properties here involved were not assessed for tax purposes by Washington county, in which county the Prewitt Reservoir is located, but in 1939 the assessor of said county attempted to assess the following properties in that county owned by plaintiffs in error, to wit:

1. Approximately 220 acres of land;

2. Certain improvements, consisting of a house, bunkhouse, garage and barn, upon said land;

3. Certain personal property, consisting of agricultural implements, machinery, harness and mules.

After due protests to the county assessor and the board of county commissioners of Washington county, and the overruling of such objections, plaintiffs in error brought an action in the district court to enjoin and restrain the assessment of said properties, upon the theory that they were exempt from taxation under our Constitution and statutes.

The only issue raised at the trial was the question of whether or not the properties hereinabove mentioned are exempt from taxation; however, in the assignments of error and briefs, another issue is presented and discussed which we believe should be considered in con-

nection with a determination of the principal issue—that is, are these properties exempt from taxation separate from the lands upon which the waters are used?

The instant case is of far-reaching importance and involves the question of what properties belonging to irrigation districts and mutual ditch companies may be taxed by counties in which portions of the physical works are situated, where such counties are other than those wherein the irrigated lands are located, including also the meaning of our constitutional grants of exemption from taxation, and exemption from separate taxation, and the effect of our statutes.

The evidence is brief, that of importance on this review being the testimony of the only witness, R. J. Wright, superintendent of each of plaintiffs in error, to the effect that all the land here in question is adjacent to the reservoir, is a part of the reservoir site and is necessary and being used for the protection, operation, and maintenance of the reservoir system; that most of the land is white sand, and a timber belt, grass and other growth are necessary to break the force of the wind and prevent destruction of the reservoir; that a fence is required to protect against stock, this fence being built as close to the reservoir as is practicable; that the improvements consist of a bunkhouse, barn, and the house in which the caretaker lives; that the caretaker devotes his entire time to the guarding and care of the reservoir system; that the implements and machinery are used exclusively for the repair of the reservoir and the cleaning of the ditches.

At the conclusion of the evidence a motion to dismiss was filed, and, after argument, the trial court held that the reservoir site properly includes all the land that is essential to operate the irrigation works; that an irrigation district is not a municipal corporation; that the only exemption available to plaintiffs in error is the constitutional one respecting ditches and flumes,

and that while the Supreme Court has held that ditches and flumes include reservoirs, the beds thereof, and the ground upon which the dam stands, that the court has not indicated that the term "ditches and flumes" as used in the Constitution meant adjacent land necessary for the maintenance of ditches and flumes; that it seems reasonable that said term as used in the Constitution, exempting such property from taxation, does not include other property necessary for upkeep and maintenance, and cannot be extended to include personal property so used; that the rule of construction is that where the Constitution exempts property from taxation, such provisions are to be strictly construed, and all statutes that extend the exemption beyond the strict letter of the Constitution are void; that land which lies outside the ditches, canals and flumes, and does not form a part of the land upon which the physical property of the ditch or reservoir is located, while in a sense necessary for the proper maintenance of the irrigation works, strictly speaking, is not a part of the reservoir, ditches, canals, or flumes, and therefore is subject to taxation.

Section 3, article X, of the Colorado Constitution provides, inter alia: "Ditches, canals and flumes owned and used by individuals or corporations, for irrigating land owned by such individuals or corporations, or the individual members thereof, shall not be separately taxed so long as they shall be owned and used exclusively for such purposes."

This provision also appears in our statutes in subdivision seventh, section 22, chapter 142, '35 C.S.A.

Section 4, article X, of our Constitution, provides: "The property, real and personal, of the state, counties, cities, towns and other municipal corporations and public libraries, shall be exempt from taxation."

Section 389, chapter 90, '35 C.S.A., reads in part: "The title to all property acquired under the provisions of this subdivision shall immediately and by operation

of law vest in such irrigation district, in its corporate name, and shall be held by such district in trust for, and is hereby dedicated and set apart for the uses and purposes set forth in this subdivision, and shall be exempt from all taxation, * * * ."

Section 44, chapter 90, '35 C.S.A., contains the following: "The board of directors may acquire, by use, appropriation, purchase or condemnation, property or rights of any kind, including rights of way, canals or reservoirs either projected, partly constructed or constructed, or the part or whole of any contemplated, projected, partly completed system of irrigation or water works, water rights, or any other property or right necessary or useful for carrying out the objects of said irrigation district, and the title to any such property so acquired shall vest immediately in said irrigation district in its corporate name and shall be held by said district in trust for, and is hereby dedicated and set apart for, the uses and purposes provided for in this subdivision, and shall be exempt from taxation; * * * ."

Counsel for plaintiffs in error urge that while an irrigation district is not strictly a municipal corporation, yet it is a quasi-municipal corporation—that is, it partakes of the qualities of a municipal corporation, and that it was intended to be included in the language of section 4, article X, of the Constitution, "other municipal corporations."

■■ The irrigation district act of Colorado is patterned after the Wright Irrigation District Act of California. We upheld the constitutionality of our act in *Anderson v. Grand Valley Irrigation District,* 35 Colo. 525, 85 Pac. 313. In *Fisher v. Pioneer Construction Co.,* 62 Colo. 538, 163 Pac. 851, we stated: "Under our statutes an irrigation district is a public corporation. Its revenues are provided by taxation the same as other municipalities." And in *Lockhard v. People,* 65 Colo. 558, 178 Pac. 565: "Irrigation districts are public corporations." In *Interstate Trust Co. v. Montezuma Valley*

*Irrigation District,* 66 Colo. 219, 181 Pac. 123, we held that an irrigation district is a local improvement or special assessment district, and that taxes levied by it are, in reality, local or special improvement taxes, and not general taxes. In *Holbrook Irrigation District v. First State Bank of Cheraw,* 84 Colo. 157, 268 Pac. 523, we held: "While an irrigation district is a public corporation, we do not think that it is in any true sense a branch or subdivision of the sovereignty. Its purposes are chiefly private, and for the benefit of private land owners. See, *Interstate Co. v. Montezuma District,* 66 Colo. 219, 181 Pac. 123. In *Colorado I. & R. Co. v. Riverview Drainage District,* 83 Colo. 468, 266 Pac. 501, this court held that a drainage district (which like an irrigation district has a limited power of taxation) is not a subdivision of the state or a mere agency created for governmental purposes, and that such district can be sued without a statute expressly authorizing such suit." Mr. Cooley in his work on Taxation (4th ed.), volume 2, page 1319, section 623, states: "An express exemption of property of 'municipal corporations' applies only to municipal corporations proper and not to a corporation composed of shareholders which in its form and controlling features is a business enterprise upon which municipal powers have been incidentally conferred in promotion of its primary purpose." In *Buffalo Rapids Irrigation District v. Colleran,* 85 Mont. 466, 279 Pac. 369, it is said: "It would seem that, in order to come within the rule which will permit the court to consider the property of a public corporation the property of the state for the purpose of exemption from taxation, such corporation should be so closely engrafted upon the state as to in fact exercise governmental functions and be supported, directly or indirectly, by the state." The law is clearly established, and it is unnecessary to further lengthen this opinion by additional citations.

■ Counsel for plaintiffs in error urge that because our irrigation district law was adopted from California, and the decisions of that state have held that irrigation districts are agencies of the state, and their property, both real and personal, used for the benefit of the district, belongs to the state and is exempt from taxation under the constitutional privilege, that we should follow such interpretation and hold that the property of an irrigation district is exempt from taxation as state property. We are not impressed by that argument, for in Colorado the property of irrigation districts is not state property, and irrigation districts are not agencies of the state. They are public corporations, but they are not in any true sense municipal corporations within the constitutional classification "state, counties, cities, towns, and other municipal corporations," so as to render the property here involved exempt from taxation under the provisions of section 4, article X, of the Constitution.

■ In regard to sections 389 and 444, chapter 90, '35 C.S.A., which provide that the property of irrigation districts shall be exempt from taxation, since we herein hold that they are not municipal corporations, the only constitutional exemption upon which plaintiffs in error might rely is that provided by section 3, article X, of the Constitution, exempting ditches, canals and flumes from separate taxation, under certain conditions. The legislature could not extend the constitutional provisions of the latter section, which exempts from separate taxation ditches, canals and flumes owned and used by individuals or corporations for irrigating their own lands exclusively. The enactments of such statutes are unauthorized exercises of legislative power, in violation of the Constitution, and that portion of section 389, providing that such property "shall be exempt from all taxation," and that portion of section 444, providing that such property "shall be exempt from taxation," are unconstitutional and void.

■ Counsel for defendants in error contend that the words, "ditches, canals and flumes," have a certain well-defined and recognized meaning which should not be extended by judicial interpretation. In many decisions we have enlarged the meaning of these words in construing the section under consideration to include: in *Kendrick v. Twin Lakes Reservoir Co.,* 58 Colo. 281, 144 Pac. 884, headgates and dams; *Shaw v. Bond,* 64 Colo. 366, 171 Pac. 1142, and *Antero and Lost Park Reservoir Co. v. Board of County Commissioners,* 65 Colo. 375, 177 Pac. 148; 75 Colo. 131, 225 Pac. 269, the bed of the reservoir, the reservoir dam and the reservoir. In *Shaw v. Bond, supra,* we said: "Land comprising the bed of a reservoir, or the bed of the dam * * * is as much an integral part of the whole system as the land comprising the bed of the ditches * * * . Water rights of mutual ditch and reservoir companies embrace and include the value of the land comprising the bed or site of the reservoir and dam * * * . Ordinarily the value of a mutual irrigation system depends upon the cost of the enterprise as a whole, * * * . When water rights are taxed in connection with the land they irrigate, the unit is taxed as a whole."

■ One of the questions here presented for determination is whether the words, "ditches, canals and flumes," heretofore interpreted by this court to include other items, among them reservoirs, now are to be construed as being confined in their meanings to the words themselves, ditches, canals and flumes being regarded as the conduits through which waters actually are conducted, and reservoirs as the lands actually covered by the stored waters therein, and to our previous decisions concerning enlargements of such meanings; or whether ditches, canals and reservoirs are to be defined as physical integral units for collecting and distributing water, which necessarily must include those adjacent portions of such irrigation systems as are used and needed to protect and maintain

such ditches, canals and reservoirs, and to keep such irrigation systems intact and operative. Under this view, ditches or canals would be regarded, not as mere excavations or fills on the earth's surface to carry waters, nor reservoirs as mere basins in which waters are stored, but as integral irrigation units. This is a matter of first impression in Colorado, and we are not assisted in great measure by the briefs of counsel for defendants in error, who adopt the narrow view, that because we heretofore have extended the meaning of "ditches, canals and flumes" to include certain of the appendages thereto, namely: headgates, dams, reservoirs, and reservoir beds, that, of necessity, the meaning of the words is thereby limited. Amici curiae, in the briefs presented, have called attention to authorities from other jurisdictions, which have been helpful in shedding light upon this subject.

In *Schuylkill Navigation Co. v. Commissioners*, 11 Pa. (1 Jones) 202, it was held that an incorporated canal includes as constituent parts the bed, berm bank, towpaths, tollhouses, and a collector's office, occupied also as a residence by the collector's family, all forming constituent parts of the canal, and all of which are not taxable, if the canal is not subject to taxation.

In *State v. Betts*, 24 N.J.L. 555, it was held that when a pier and basin are found to be used and necessary appendages of a canal, they are within the meaning of a charter exempting from taxation property used for the actual and necessary purposes of canal navigation; that if the canal had not annexed to it the necessary conveniences to accommodate the business for which it is designed, that the work would be incomplete; that the piers and basins of a canal company are, like the depots and carbarns of a railroad company, not merely convenient, but necessary, appendages.

In the case at the bar the uncontradicted evidence shows that the lands owned by plaintiffs in error surround the Prewitt Reservoir, are adjacent thereto, and

are parts of the reservoir site, and such lands, and the improvements thereon, consisting of a caretaker's house and other buildings, are integral parts of the reservoir system and are used and necessary for the proper operation and maintenance thereof. We are of the opinion that such lands, even though located above the high water line of the reservoir, and the improvements mentioned are integral parts of the whole system; that the water rights of plaintiffs in error embrace and include the value of the lands and improvements; that such lands and improvements are within the meaning of the words "ditches, canals and flumes," as used in section 3, article X, of the Colorado Constitution, and are therefore exempt from separate taxation.

We are not unmindful of the contention of counsel for defendants in error that perhaps plaintiffs in error may escape taxation through the failure of the taxing authorities in the county, or counties, in which the lands of plaintiffs in error are being irrigated, to adequately assess the water rights of plaintiffs in error as improvements on such lands; but this, of course, is of no concern to defendants in error, who are attempting to levy taxes which are improper.

We are not impressed by the argument that the objection to the attempted taxation of the properties of plaintiffs in error, which is the subject of this litigation, was improperly presented in the trial court, by being urged upon the theory of exemption from taxation rather than as an exemption from separate taxation.

The question with respect to the exemption of the agricultural implements, machinery and livestock seems not to have been urged by plaintiffs in error, and while the language of Mr. Justice Burke, speaking for the court in *Koenig, County Treasurer v. Jewish Consumptives' Relief Society*, 98 Colo. 253, 55 P. (2d) 325, may be regarded as dicta in that case, it is our opinion that it fairly states the law, and that the consti-

tutional exemption from separate taxation of ditches, canals and flumes does not extend to agricultural implements, machinery and livestock kept for the purpose of the repair and maintenance of such ditches, canals and flumes.

The judgment of the lower court, in so far as it holds that irrigation districts are not municipal corporations, and as it affects the personal property here involved, is affirmed. In so far as it affects the real estate of plaintiffs in error and the improvements thereon, it is reversed, and the cause remanded, with instructions that further proceedings, if any, shall be consistent with the views herein expressed.