**DENVER BEECHCRAFT, INC., a Colorado corporation, d/b/a Aircraftco Beech, Inc., Plaintiff-Appellee,**

v.

**BOARD OF ASSESSMENT APPEALS OF the STATE of COLORADO, Henry F. Shriver, Chairman, and Charles H. Bradley, the County of Jefferson, State of Colorado, by and through the Jefferson County Board of Equalization, James E. Martin, Chairman, Robert F. Clement, Commissioner, and Jefferson County Assessor, Michael Sobieski, Defendants-Appellants.**

No. 82SA483.

Supreme Court of Colorado,
En Banc.

May 7, 1984.

As Modified on Denial of Rehearing
May 29, 1984.

---

Steven F. Mueller, George W. Mueller, Jr., Burns, Wall, Smith & Mueller, Denver, for plaintiff-appellee Denver Beechcraft, Inc.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Billy Shuman, Asst. Atty. Gen., General Legal Services Denver, for State Board of Assessment Appeals and Its Members.

Cile Pace, Asst. Jefferson County Atty., Golden, for Jefferson County defendants-appellants.

Ronald S. Loser, Herbert C. Phillips, McMartin, Burke, Loser & Fitzgerald, P.C., Englewood, for amicus curiae Arapahoe County Airport Authority.

George Moore Graber, Graber & Graber, Arvada, for amicus curiae Jefferson County Airport Authority.

DUBOFSKY, Justice.

The defendants, Board of Assessment Appeals of the State of Colorado, Jefferson County, the Jefferson County Board of Equalization and the Jefferson County Assessor, appeal a ruling of the Jefferson County District Court overturning Jefferson County's assessment of property tax against the plaintiff, Denver Beechcraft, Inc. In the course of its analysis, the district court held unconstitutional section 41-3-107, 17 C.R.S. (1973), which exempts airport authorities from property tax. We reverse the district court's ruling and uphold the constitutionality of section 41-3-107.

Section 39-3-112(1), 16B C.R.S. (1982), provides, subject to certain exceptions, that when real property which is exempt from taxation is leased to a private party in connection with a business conducted for profit, the lessee—here, Denver Beechcraft, Inc.—is taxed as if the lessee were the owner of the property.[1] Jefferson

---

1. "39-3-112. Taxation of exempt property—taxes not to become lien. (1) When any real property which for any reason is exempt from taxation is leased, loaned, or otherwise made available to and used by a private individual, association, or corporation in connection with a business conducted for profit, the lessee or user thereof shall be subject to taxation in the same amount and to the same extent as though the lessee or user were the owner of such property, except as otherwise provided in this section; except that, other than exempt property being

County assessed against the plaintiff property tax under section 39–3–112, 16B C.R.S. (1982), for property which the plaintiff leases from the Jefferson County Airport Authority (airport authority), since section 41–3–107(1)(a), 17 C.R.S. (1973), exempts airport authorities from general and ad valorem taxes.[2] The plaintiff appealed the assessment to the Board of Assessment Appeals of the State of Colorado (board), and the board denied relief. Under section 39–8–108(2), 16B C.R.S. (Supp.1983),[3] the plaintiff brought an action for review of the board's decision in Jefferson County District Court. The district court found for the plaintiff, holding that section 41–3–107, 17 C.R.S. (1973) (exempting airport authorities from tax) is unconstitutional. If the airport authority is not exempt from tax, no tax can be assessed the plaintiff under section 39–3–112(1); instead, the airport authority will be subject to assessment. The airport authority is not a party to this case.

## I.

■ Before reaching the merits of the district court's holding, we must resolve a preliminary issue. The defendants assert that the airport authority is an indispensable party to this case because the airport authority has an interest which may be affected by a determination of the constitutionality of section 41–3–107, 17 C.R.S. (1973). The defendants did not move at trial to join the airport authority or object to the plaintiff's failure to join the airport authority. We hold that the absence of the airport authority as a party, under these circumstances, does not compel reversal of the district court's judgment.

■ The plaintiff brought this action under section 39–8–108(2), 16B C.R.S. (Supp. 1983), which prescribes judicial review of board action in accordance with section 24–4–106, 10 C.R.S. (1982). *See* note 3, *supra.* Section 24–4–106(4) specifically requires joinder of certain parties in such actions. The section, in pertinent part, provides:

> Every party to an agency action in a proceeding under section 24–4–105 not appearing as plaintiff in such action for judicial review shall be made a defendant; except that, in review of agency actions taken pursuant to section 24–4–103, persons participating in the rulemaking proceeding need not be made defendants.

By implication, parties not required to be joined under section 24–4–106 are not "indispensable" in the sense that the action must be dismissed in their absence. *West-Brandt Foundation, Inc. v. Carper,* 199 Colo. 334, 608 P.2d 339 (1980).

The defendants argue that since the board could not have ruled on the constitutionality of the statute, the definition of indispensable parties cannot be limited to parties to the administrative action when the constitutionality of the statute under which the agency acts is at issue. This argument ignores the plain language of section 24–4–106 which includes constitutional review within its scope. That section mandates reversal of agency action found to be "... contrary to constitutional right ... or otherwise contrary to law." Section

---

operated under a management agreement, such exempt property furnished by a governmental agency to a contractor as necessary to the considerations of a negotiated contract shall not be subject to this section if such contractor maintains permanent written records substantiating the terms of such contract. In addition, this section shall not apply where the property is leased, loaned, or otherwise made available to and used by an airline company, as defined in section 39–4–101(2)."

**2.** "**41–3–107. Legal status of authorities—tax exemption.** (1) An authority created pursuant to this article is hereby declared to be a political subdivision of the state, exercising essential gov-

ernmental powers for a public purpose. The general assembly, therefore, finds:

(a) That no authority, or county independently creating an authority, shall be required to pay any general ad valorem taxes upon an airport or any facilities connected therewith located within the state nor upon the interest of the authority therein ...."

**3.** Section 39–8–108(2) reads: "If the decision of the board is against the petitioner, he may, within thirty days after such decision, petition the district court of the county wherein his property is located for judicial review thereof pursuant to section 24–4–106, C.R.S. ...."

24–4–106(7), 10 C.R.S. (1982). "In all cases under review, the court shall determine all questions of law and interpret the statutory and constitutional provisions involved and shall apply such interpretation to the facts duly found or established." *Id.* Furthermore, this result is consistent with federal precedent under Fed.R.Civ.P. 19(b). *See National Licorice Co. v. NLRB,* 309 U.S. 350, 60 S.Ct. 569, 84 L.Ed. 799 (1940); *Jeffries v. Georgia Residential Finance Authority,* 678 F.2d 919 (11th Cir.) *cert. denied,* 459 U.S. 971, 103 S.Ct. 302, 74 L.Ed.2d 283 (1982); *Natural Resources Defense Council v. Berklund,* 458 F.Supp. 925 (D.D.C.1978) *aff'd,* 609 F.2d 553 (D.C. Cir.1979) (Joinder of all parties who could be prejudiced by litigation involving public issues is not required because such a requirement would effectively preclude such litigation against the government.). The airport authority was not a party to the proceeding before the board, and thus is not an indispensable party to the instant action. *West-Brandt Foundation,* 608 P.2d 339.

## II.

■ The General Assembly may not exempt from taxation property which is not specified as exempt in Article X of the Colorado Constitution. Colo. Const. art. X, § 6; *Logan Irrigation District v. Holt,* 110 Colo. 253, 133 P.2d 530 (1943). Unless airport authorities are exempt from taxation under Article X, section 41–3–107 is unconstitutional.

The only provision in Article X which could include airport authorities as exempt is Article X, § 4, which states:

**Public Property Exempt.**

The property, real and personal, of the state, counties, cities, towns and other municipal corporations and public libraries, shall be exempt from taxation.

The parties focused on whether an airport authority is a municipal corporation within the meaning of the section.[4]

The district court, relying on *Logan Irrigation District v. Holt,* 110 Colo. 253, 133 P.2d 530 (1943), held that the airport authority is a "quasi-municipal corporation," rather than a "true" municipal corporation and is thus not exempt from taxation under Article X, § 4. In *Logan Irrigation District,* this court held that personal property owned by the irrigation district was not exempt from taxation under Article X, § 4 because an irrigation district was not a municipal corporation within the meaning of the section. The court stated that the irrigation district is not "a branch or subdivision of the sovereignty" and that the district's "purposes are chiefly private, and for the benefit of private landowners," concluding that the irrigation district is "a business enterprise upon which municipal powers have been incidentally conferred." 133 P.2d at 532–533.[5]

■ We need not resolve whether an airport authority is a municipal corporation. The General Assembly has declared that airport authorities are "political subdivisions of the state of Colorado," authorized for "the benefit and general welfare of the state of Colorado, its political subdivisions, and the inhabitants thereof." Section 41–3–102, 17 C.R.S. (1973). Section 39–3–101(1)(d), 16B C.R.S. (Supp.1983) exempts political subdivisions of the state from general taxation.[6] Since airport authorities

4. The district court held that the airport authority is "a separate entity and is not the county 'per se' nor is it an arm of county government." The parties have not appealed this ruling.

5. The district court in the instant case stated: "The statute in this case presents a closer question than the statute in *Logan Irrigation District v. Holt, supra,* a public airport authority is closer in nature to a true municipal corporation than is an irrigation district. A public authority serves a more general public purpose than an irrigation district which provides water only for certain private land owners. However, public airport authorities still fall most properly into the category of quasi-municipal corporations as defined in *City of Aurora v. Aurora Sanitation District,* 112 Colo. 406, 149 P.2d 662 (1944), '... merely a public agency endowed with such attributes of a municipality as may be necessary in the performance of its limited objective....'"

6. The parties did not argue the applicability or constitutionality of section 39–3–101(1)(d) before the district court and that court did not consider the issue.

are political subdivisions of the state, both section 41-3-107 and section 39-3-101(1)(d) are constitutional if the General Assembly may exempt from taxation property of political subdivisions of the state.

Article X, § 4 is intended to exempt public property from property tax. The purpose of the creation of airport authorities is to promote air transportation "to the benefit and general welfare of the state of Colorado." Section 41-3-102, 17 C.R.S. (1973). Public airport authorities are created by the governing bodies of cities, towns, counties or a combination thereof. Section 41-3-104(1), 17 C.R.S. (Supp.1983). The governing board of the airport authority is appointed by the governing bodies of those cities, towns and/or counties. Section 41-3-105(2), 17 C.R.S. (Supp.1983). An airport authority may be dissolved at the pleasure of those governing bodies. Section 41-3-104(6), 17 C.R.S. (Supp.1983). Clearly, an airport authority created under the act is designed to accomplish a public purpose with public property held by a political subdivision of the state. Although the airport authority's property is not state property, there is no reason that the property of a political subdivision of the state should not be exempt from taxation under Article X, § 4 as "property ... of the state." *See Steup v. Indiana Housing Finance Authority*, 273 Ind. 72, 402 N.E.2d 1215 (1980); *Application of Oklahoma Turnpike Authority*, 203 Okl. 335, 221 P.2d 795 (1950). The General Assembly, therefore, may constitutionally exempt airport authorities from taxation.

We uphold the validity of section 41-3-107, 17 C.R.S. (1973), reverse the district court's ruling, and remand this case to the district court for reinstatement of the Board of Assessment Appeals decision and for such other proceedings as are consistent with this opinion.

Ruling reversed and case remanded.