972 P.2d 1037 (1998)
Charles L. CAMPBELL, Harry C. Talbott, Ronald R. Crist, William R. Emblad, and Gary Crist, Plaintiffs,
v.
ORCHARD MESA IRRIGATION DISTRICT; Mutual Mesa Lateral Enterprise; Farm Services Administration (formerly Agricultural Stabilization and Conservation Service), an agency of the United States Department of Agriculture; the Natural Resources Conservation Service (formerly Soil Conservation Service), an agency of the United States Department of Agriculture; and the Colorado Water Conservation Board, an agency of the State of Colorado, Defendants.
No. 97SA303.
Supreme Court of Colorado, En Banc.
September 14, 1998.
Bailey, Harring & Peterson, A Professional Corporation, James S. Bailey, Jr., Randall M. Livingston, Denver, for Plaintiffs.
Dufford, Waldeck, Milburn & Krohn, LLP, William H.T. Frey, Flint B. Ogle, Grand Junction, for Orchard Mesa Irrigation District and Mutual Mesa Lateral Enterprise.
Henry L. Solano, United States Attorney, Robert D. Clark, Assistant United States Attorney, Denver, for Farm Services Administration and Natural Resources Conservation Service.
Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Joseph C. Smith, Jr., Deputy Attorney General, Lee E. Miller, First Assistant Attorney General, Linda J. Bassi, Assistant Attorney General, Natural Resources Section, Denver, for Colorado Water Conservation Board.
*1038 David W. Broadwell, Denver, Amicus Curiae for Colorado Municipal League.
Leavenworth & Tester, P.C., Loyal E. Leavenworth, Glenwood Springs, Amicus Curiae for City of Rifle. Amicus Curiae for Midvalley Metropolitan District.
David Hallford, Glenwood Springs, Leavenworth & Tester, P.C., Loyal E. Leavenworth, Glenwood Springs, Amicus Curiae for Colorado River Water Conservation District.
Williams Turner & Holmes, Mark Hermundstad, Grand Junction, Amicus Curiae for Ute Water Conservancy District.
Maynes, Bradford, Shipps & Sheftel, Janice C. Sheftel, Durango, Amicus Curiae for Dolores Water Conservancy District.
Fairfield and Woods, P.C., Stephen H. Leonhardt, Ilona L. Dotterrer, Denver, Amicus Curiae for Southeastern Colorado Water Conservancy District.
Ken Baker, P.C., Kenneth A. Baker, Salida, Amicus Curiae for Upper Arkansas Water Conservancy District.
Peterson, Fonda, Farley, Mattoon, Crockenberg & Garcia, P.C., William F. Mattoon, Pueblo, Amicus Curiae for Board of Water Works of Pueblo, Colorado.
Felt, Houghton and Monson, LLC, Steven T. Monson, Colorado Springs, Amicus Curiae for Security Water & Sanitation Districts.
Justice BENDER delivered the Opinion of the Court.
We agreed to answer three questions certified by the United States District Court for the District of Colorado (district court) concerning claims relating to the formation and funding of a water activity enterprise.[1] We hold that an irrigation district is not a "district" for purposes of Article X, Section 20 (Amendment 1) of the Colorado Constitution because it is not a local governmental entity thereunder.[2] Although an irrigation district is a public corporation that exercises limited public powers, its overall purpose is to provide ways and means of supplying water to lands for the benefit of landowners within the district. Due to our disposition of this initial issue, it is unnecessary to respond to the remaining certified questions.

I. BACKGROUND
As background for our legal analysis, we discuss the pertinent facts and legal issues stated by the district court in its certification order.[3] On March 7, 1904, the Orchard Mesa Irrigation District (irrigation district) was formed pursuant to the act of April 12, 1901, entitled "An Act to provide for the organization and government of irrigation district...." In 1955, the qualified electors of the irrigation district determined by election that the irrigation district would be governed by *1039 the Irrigation District Law of 1921. See §§ 34-42-101 to -141, 10 C.R.S. (1997).
On October 3, 1996, the board members of the irrigation district formed the Mesa Mutual Lateral Enterprise (enterprise).[4] The plaintiffs, who are landowners and taxpayers within the irrigation district, filed suit against the irrigation district and others, claiming that the irrigation district is a local governmental entity whose actions are subject to the restrictions of Amendment 1. According to the plaintiffs, the defendants' formation and funding of the enterprise violated Amendment 1.[5] The defendants counter that an irrigation district is not a local governmental entity within the meaning of Amendment 1 because it serves the private interests of landowners. The district court certified this issue to us based on its determination that there was no controlling Colorado precedent. With this background in mind, we now examine the first certified question of whether irrigation districts are "districts" subject to the limitations of Amendment 1.

II. ANALYSIS
The first step in reviewing an alleged violation of Amendment 1 is to examine the terms of the amendment itself and apply its provisions according to its clear terms. See City of Aurora v. Acosta, 892 P.2d 264, 267 (Colo. 1995). The provisions of Amendment 1 require "districts" to hold elections to obtain voter approval in advance for increases in taxes and spending and direct or indirect debt increases. See Colo. Const. art. X, § 20. "Districts" are defined in Amendment 1's express language to include "the state or any local government, excluding enterprises." Colo. Const. art. X, § 20, cl. (2)(b). Since both parties concede that a 1921 Act irrigation district is neither an enterprise nor an agency of the state,[6] our inquiry focuses on whether a 1921 Act irrigation district is a local governmental entity for purposes of Amendment 1.
Turning to the text of Amendment 1, we note that the term "local government" is not defined. In interpreting the meaning of "local government," we rely upon general rules of statutory construction. See Nicholl v. E-470 Public Highway Auth., 896 P.2d 859, 867 (Colo.1995); Bickel v. City of Boulder, 885 P.2d 215, 228 n. 10 (Colo.1994). Our duty in construing Amendment 1 is to give effect to the electorate's intent in enacting the amendment. See In re Interrogatories Propounded by the Senate Concerning House Bill 1078, 189 Colo. 1, 7, 536 P.2d 308, 313 (1975). We must, therefore, construe the term "local government" in light of the objective Amendment 1 sought to achieve. See Acosta, 892 P.2d at 267.
Amendment 1's objective is to prevent governmental entities from enacting taxing and spending increases above Amendment 1's limits without voter approval. See F.T. Havens v. Board of County Comm'rs, 924 P.2d 517, 522 (Colo.1996).[7] Guided by this objective, we now determine whether irrigation districts are local governmental entities within the meaning of Amendment 1's election requirement.
Irrigation districts were created "to provide means ... for bringing into cultivation the arid lands of the state and making them highly productive by the process of irrigation." *1040 Anderson v. Grand Valley Irrigation Dist., 35 Colo. 525, 532, 85 P. 313, 315 (1906). To accomplish this objective, the legislature authorized irrigation districts to levy and collect special assessments at the expense of those landowners whose lands were serviced by irrigation waters. See § 37-42-126 to -127, 10 C.R.S. (1997).
However, legal authority to levy and obtain collection of special assessments does not transform an essentially private entity into a governmental entity for Amendment 1 purposes. We have repeatedly said that irrigation district special assessments are not general taxes characteristic of government. See Interstate Trust Co. v. Montezuma Valley Irrigation Dist., 66 Colo. 219, 224, 181 P. 123, 125 (1919) (holding that the taxes levied by irrigation districts are local or special improvement assessments and not general taxes); see also People v. Letford, 102 Colo. 284, 303, 79 P.2d 274, 284 (1938) (same). While general taxes exact revenue from the public at large for general governmental purposes,[8] an irrigation district's special assessment benefits specific landowners whose land the district supplies with water.[9] These special assessments are designated to pay the expenses, including servicing debt, incurred in irrigating the land. The assessments are levied in proportion to land ownership and are paid only by the landowners who receive the benefits. In summary, a 1921 Act irrigation district serves the interests of landowners within the district and not the general public.[10] As such, it cannot be said that an increase of an irrigation district's special assessment increases the burden of the taxpaying public which Amendment 1 sought to regulate.
Supporting our conclusion that an irrigation district is not a governmental entity for Amendment 1 purposes is the difference between persons eligible to vote in an irrigation district election and persons eligible to vote in a district under Amendment 1. Amendment 1 provides that "all registered voters" within a local governmental district are able to vote on taxing and spending increases. See Colo. Const. art. X, § 20, cl. (3)(b). Amendment 1 elections invoke the voter eligibility provisions of Colorado Constitution Article VII, Section 1. An Amendment 1 voter must be a citizen of the United States, eighteen years of age or older, a resident of the state for thirty days immediately preceding the election, a current resident of the precinct in which the election takes place, and a registered elector in the precinct. See id. A voter in the elections governed by Amendment 1 also may have to comply with additional qualifications imposed by the legislature. See § 1-7-103(1), 1 C.R.S. (1997). In contrast to these requirements, a qualified voter in an irrigation district is not required to be a natural person. These elections include nonresident landowners,[11] all entities owning land within the district,[12] and proxy voters.[13] Thus, nonresident, unregistered voters, who own land irrigated by the irrigation district, are eligible to vote in irrigation district elections.[14] Also, irrigation district elections depart from the traditional "one person, one vote" requirement for governmental *1041 elections.[15] A landowner in an irrigation district may cast a number of votes equal to the number of irrigated acres it owns within the district.[16]
As our discussion demonstrates, we conclude that the private character of a 1921 Act irrigation district differs in essential respects from that of a public governmental entity exercising taxing authority contemplated by Amendment 1. An irrigation district exists to serve the interests of landowners not the general public. Rather than being a local governmental agency, a 1921 Act irrigation district is a public corporation endowed by the state with the powers necessary to perform its predominantly private objective.

III. CONCLUSION
Accordingly, we hold that an irrigation district is not a local government within the meaning of Amendment l's taxing and spending election requirements. Because of our disposition of this issue, we deem it unnecessary to respond to the remaining certified questions.
NOTES
[1] Pursuant to C.A.R. 21.1, this court agreed to answer the following three questions:

1. Is an irrigation district originally formed pursuant to the act of April 12, 1901, entitled "An Act to provide for the organization and government of irrigation districts...," and currently operating under the provisions of the Irrigation District Law of 1921, Colo.Rev.Stat. §§ 37-42-101 to 141, a "District" as that term is defined at Colo. Const. art. X, § 20, cl. (2)(b) which is required to comply with the provisions of Article X, Section 20 of the Colorado Constitution?
2. If the answer to the preceding question is in the affirmative, may the board of directors of an irrigation district originally formed pursuant to the act of April 12, 1901, entitled "An Act to provide for the organization and government of irrigation districts ...," and currently operating under the provisions of the Irrigation District Law of 1921, Colo.Rev.Stat. §§ 37-41-101 to 141, create a water activity enterprise by a board resolution pursuant to the provisions of Article 45.1 of Title 37, Colo.Rev. Stat.?
3. If the answer to the preceding question is in the affirmative, is the water activity enterprise subject to the provisions of Article X, Section 20 of the Colorado Constitution?
[2] Our holding is limited to irrigation districts operating under the provisions of the Irrigation District Law of 1921, §§ 37-42-101 to -141, 10 C.R.S. (1997).
[3] See C.A.R. 21.1(c)(2) (certification order shall set forth "[a] statement of all facts relevant to the questions certified and showing fully the nature of the controversy in which the questions arose"); Garman v. Conoco, Inc., 886 P.2d 652, 661 (Colo.1994) (Erickson, J., concurring) ("Our answer to the certified question should be limited by the record and the question of law certified for determination.").
[4] The purpose of the enterprise was not disclosed in the certification order and shall remain unaddressed.
[5] The U.S. Department of Agriculture later removed the action from Mesa County District Court to federal district court.
[6] We have previously recognized that "irrigation districts are not agencies of the state." Logan Irrigation Dist. v. Holt, 110 Colo. 253, 260, 133 P.2d 530, 533 (1943).
[7] See also City of Wheat Ridge v. Cerveny, 913 P.2d 1110, 1124 (Colo.1996) (observing that Amendment 1's purpose "is to place in the electorate, not government officials, control over state and local government finance, spending, and taxation"); In re Ballot Title "Amendment 1", 900 P.2d 121, 123 n. 1 (Colo.1995) (noting that Amendment 1 "was adopted by the electorate to protect citizens from unwarranted tax increases"); Bickel, 885 P.2d at 226 (holding that the principal purpose of Amendment 1 "is to regulate the manner and extent of state and local taxation and spending"); Submission of Interrogatories on Senate Bill 93-74, 852 P.2d 1, 8 (Colo. 1993) (recognizing that "[a] central purpose of Amendment 1 is to require voter approval for certain state and local government tax increases").
[8] See C.B. & Q. Ry. Co. v. School Dist., 63 Colo. 159, 165, 165 P. 260, 263 (1917) (recognizing that "[t]he meaning of the term `government' ... may be defined as `the exercise of authority in the administration of the affairs of a state, community, or society; the authoritative direction and restraint exercised over the actions of [people] in communities, societies, or states.'").
[9] See Montezuma Valley Irrigation Dist., 66 Colo. at 223-25, 181 P. at 124-25:

The assessment is not based upon the value of the land in the district as a whole, but is apportioned ratably upon irrigable land only, according to benefits, in conformity with the law of special assessments, under which the district, through a majority, may include land against the will of its owner.
[10] See Holbrook Dist. v. First State Bank of Cheraw, 84 Colo. 157, 165, 268 P. 523, 526 (1928) ("While an irrigation district is a public corporation, we do not think that it is in any true sense a branch or subdivision of the sovereignty. Its purposes are chiefly private, and for the benefit of private land owners.").
[11] See § 37-42-106(2), 10 C.R.S. (1997) (nonresidents of precinct may vote).
[12] See § 37-42-114(1), 10 C.R.S. (1997) (defining "landowners" as "any persons, natural or artificial, resident or nonresident").
[13] See § 37-42-108(1), 10 C.R.S. (1997) (voting for irrigation district board of directors can be by proxy).
[14] In People v. Milan, 89 Colo. 556, 563, 5 P.2d 249, 253 (1931), we recognized that "the legislature proposed and intended to place the ultimate power and responsibility of determining all questions of policy affecting the irrigation districts upon the owners of the agricultural and horticultural lands therein."
[15] The "one person, one vote" principle originated in the United States Supreme Court's decisions of Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962), and Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964).
[16] See § 37-42-107(3), 10 C.R.S. (1997) (number of votes per land owner in organization vote is equivalent to total number of acres owned by the landowner within the proposed district).