Brian MILLER, Plaintiff–Appellant,

v.

COLORADO DEPARTMENT OF HEALTH CARE POLICY AND FINANCING, Defendant–Appellee.

No. 02CA1382.

Colorado Court of Appeals, Div. IV.

July 3, 2003.

Colorado Legal Services, Inc., Peter Komlos–Hrobsky, Joel Hayes, Denver, Colorado, for Plaintiff–Appellant.

Ken Salazar, Attorney General, Judith L. Tannous, Assistant Attorney General, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge NIETO.

Plaintiff, Brian Miller, appeals the district court's judgment affirming the final agency decision of defendant, Department of Health Care Policy and Financing, finding him ineligible for Home Care Allowance (HCA) benefits. We affirm.

HCA benefits provide a special allowance for securing in-home services to eligible disabled persons. Dep't of Health Care Policy & Financing Reg. No. 8.484.10(A), 10 Code Colo. Regs. 2505–10. Eligibility for HCA benefits is based on a number of factors, including financial need. Dep't Reg. No. 8.484.20. Financial need is determined by adding the disabled person's HCA "authorized amount" to "the appropriate categorical grant standard" and subtracting the person's actual income. Dep't Reg. No. 8.484.20(A). The regulation refers to the categorical grant standards for Old Age Pension (OAP), Supplemental Security Income (SSI), and Aid to the Needy Disabled (AND). Dep't Reg. No. 8.484.20(A).

Plaintiff sustained a brain injury and began receiving SSI and HCA benefits. He received HCA benefits based on the SSI categorical grant standard, as he qualified for SSI at that time. However, plaintiff subsequently began receiving Social Security Disability Insurance (SSDI), which provided benefits great enough to disqualify him from SSI. Plaintiff was then notified by the De-

partment that his HCA benefits were being terminated because his income then exceeded the needs standard for his category of assistance.

Plaintiff appealed the Department's decision, and an administrative law judge (ALJ) issued an initial decision reversing the denial of HCA benefits. The ALJ found that "it makes more sense to apply the assistance standard for SSI" to plaintiff because he is "more like a person receiving SSI than a person receiving AND."

The Department filed exceptions to the initial decision and subsequently issued a final agency decision reversing the ALJ's decision. The final agency decision was based on application of the AND categorical grant standard.

Plaintiff then sought judicial review of the final decision, and the trial court upheld it. This appeal followed.

■ Plaintiff contends that the final agency decision erroneously concluded that AND, not SSI, is the appropriate categorical grant standard under Dep't Reg. No. 8.484.20(A). He argues that because he was not receiving benefits pursuant to OAP, SSI, or AND, the appropriate categorical grant standard is a question of fact and that the ALJ's finding that SSI is the more appropriate standard in his case must be upheld. We disagree.

■ The decision of an administrative agency may be reversed only if the court finds the agency acted in an arbitrary and capricious manner, made a determination that is unsupported by the evidence in the record, erroneously interpreted the law, or exceeded its constitutional or statutory authority. Section 24-4-106(7), C.R.S.2002; *Morgan v. Colo. Dep't of Health Care Policy & Fin.*, 56 P.3d 1136 (Colo.App.2002).

■ The issue here is not one of fact, but one of law, that is, the interpretation of the regulations. "Interpretation of a regulation by the agency charged with its enforcement is generally entitled to great deference and must be accepted if it has a reasonable basis in law and is warranted by the record." *Morgan v. Colo. Dep't of Health Care Policy & Fin., supra*, 56 P.3d at 1139–1140.

The parties agree that if SSI is the appropriate categorical grant standard in this case, plaintiff is entitled to HCA benefits. They also agree that if AND is the appropriate standard, plaintiff is not entitled to HCA benefits. Thus, the issue in this case is whether, for purposes of determining HCA benefits, the AND standard applies to an individual who loses SSI benefits and who is not receiving benefits under any of the programs referred to in Dep't Reg. No. 8.484.20(A).

Dep't of Health Care Policy & Financing Reg. No. 3.400.38, 9 Code Colo. Regs. 2503–1, provides: "When a person loses SSI payment, for whatever reason, he shall lose eligibility for the [SSI] program. The following procedures shall be followed: A. [SSI] cases shall be changed to state AND and the cases processed in accordance with the rules for that program . . . ."

In its final agency action, the Department concluded that the AND standard applies to plaintiff because pursuant to Dep't Reg. No. 3.400.38, his case was changed to AND when he lost SSI benefits. We agree with the Department's conclusion.

Here, because plaintiff was no longer eligible under the SSI program, his case was changed to AND pursuant to Dep't Reg. No. 3.400.38. Accordingly, the SSI standard cannot be the appropriate categorical grant standard for purposes of HCA benefits. The only standard that could apply to plaintiff is the AND standard.

Plaintiff argues that HCA benefits are governed by Dep't Reg. No. 8.484, et seq., which is codified in 10 Code Colo. Regs. 2505–10, and therefore, Dep't Reg. No. 3.400.38, which is codified in 9 Code Colo. Regs. 2503–1, is not applicable in determining eligibility for HCA benefits, because these regulations are in separate parts of the Code of Colorado Regulations. However, Dep't Reg. No. 8.484.20(A) and (B) specifically refer to 9 Code Colo. Regs. 2503–1 with respect to determining financial eligibility of disabled persons.

■ We must construe the whole regulation to give a consistent, harmonious, and sensible effect to all of its parts. *State Dep't*

of *Soc. Servs. v. Hillhaven Corp.*, 923 P.2d 129 (Colo.App.1995). Thus, because there is a relationship between these two code sections, we reject plaintiff's argument that Dep't Reg. No. 3.400.38 is not applicable in determining HCA benefits.

Plaintiff also argues that individuals who lose SSI benefits because they become eligible for greater Social Security benefits will necessarily have too much income to qualify for AND. Therefore, plaintiff argues, if the AND standard applies to such individuals, they will never qualify for HCA benefits. Plaintiff argues such an interpretation renders the "appropriate categorical grant standard" language in Dep't Reg. No. 8.484.20(A) meaningless. However, the fact that the AND standard may render an individual ineligible for HCA benefits in such cases comports with the purpose of the SSI, AND, and HCA programs, which is to provide benefits to individuals based on financial need. *See* Dep't Reg. Nos. 3.400.1, 8.484.20(A), (B); *see also* Dep't Reg. No. 3.460.35 (a person will not be eligible for assistance if his or her total countable income equals or exceeds the appropriate standard of assistance). Therefore, the fact that the applicable grant standard in such circumstances would always render the individual ineligible for HCA benefits implements one of the purposes of the HCA program and does not render the "appropriate categorical grant standard" language meaningless.

Accordingly, the final agency decision has a reasonable basis in the law and is warranted by the record.

The judgment is affirmed.

Chief Judge DAVIDSON and Judge GRAHAM concur.