Leo **MARTELON, Jr., Plaintiff–Appellant,**

v.

**COLORADO DEPARTMENT OF HEALTH CARE POLICY AND FINANCING, Defendant–Appellee.**

No. 04CA0860.

Colorado Court of Appeals, Div. IV.

Oct. 6, 2005.

Colorado Legal Services, Inc., James W. Dean, Denver, Colorado, for Plaintiff–Appellant.

John W. Suthers, Attorney General, Ashley Moller Klein, Assistant Attorney General, Denver, Colorado, for Defendant–Appellee.

RUSSEL, J.

Plaintiff, Leo Martelon, Jr., appeals the district court's judgment affirming a final agency action by defendant, the Colorado Department of Health Care Policy and Financing. We reverse and remand with directions.

## I. Background

Martelon suffered a brain aneurysm and applied for Medicaid benefits. The department denied his application because he did not meet the "severity requirement for disability" under the department's regulation § 8.110.3, 10 Code Colo. Regs. 2505–10.

Martelon then requested a hearing before an administrative law judge (ALJ) under § 24–4–105, C.R.S.2005. After considering evidence submitted by both parties, the ALJ determined that Martelon was entitled to receive benefits. According to the ALJ, the department failed to prove that Martelon was not disabled.

The department then conducted a final agency review under §§ 24–4–105 and 25.5–1–107, C.R.S.2005. It noted: (1) the Social Security Administration (SSA) had previously determined that Martelon was not disabled under the governing definition; (2) the SSA's determination was made within twelve months of the department's initial ruling; and (3) the SSA's determination involved the same issues that were presented in Martelon's Medicaid application. The department noted that it must honor an SSA's disability determination for one year under 42 C.F.R. § 435.541(a)(2). Accordingly, it denied Martelon's request for benefits.

Martelon then sought judicial review in the district court under § 24–4–106(7), C.R.S. 2005. He argued, among other things, that the department's final decision was not supported by evidence in the record because the SSA's determination was never presented to the ALJ.

The district court affirmed the department's final decision. It ruled that the ALJ was required to consider the SSA's determination as a matter of law because such a determination "deprives the reviewing agency of the ability to make an independent determination within twelve months."

Martelon now appeals the district court's decision under § 24–4–106(9), C.R.S. 2005.

## II. Standard of Review

■ When reviewing final agency actions, we stand in the same position as the district court. We must examine the record in the light most favorable to the agency decision. Whether the record contains substantial evidence to support the agency decision is a question of law. *Colo. State Bd. of Med. Exam'rs v. Davis*, 893 P.2d 1365, 1369 (Colo.App.1995).

## III. Discussion

■ The issue is whether the department may consider, during its final agency review, an SSA disability determination that was never presented to, or considered by, the ALJ. We conclude that it may not.

We begin by examining the relevant statutes and regulations. Had either party filed an exception to the ALJ's ruling, we would examine the procedures and standards set forth in § 24–4–105(15)(a), C.R.S.2005. Because neither party filed an exception, we turn to regulations adopted by the medical services board. Sections 24–4–105(14)(b)(I), 25.5–1–107(1)(a), C.R.S.2005.

Under the governing regulations, the department lacks authority to base its final agency decision on information that was not presented to the ALJ. Subject to an exception not applicable here, the regulations require the department to base its final decision on the record:

- "The Final Agency Decision shall be based on the record except that the Office of Appeals may remand for rehearing if a party establishes in its exceptions that material evidence has been discovered which the party could not, with reasonable diligence, have produced at the hearing." Colorado Department of Health Care Policy and Financing Reg. § 8.057.10.A.

- "The record shall consist only of:

  1. The transcript or recording of testimony and exhibits, or an official report containing the substance of what happened at the hearing;

  2. All papers and requests filed in the proceeding;

  3. The initial decision of the administrative law judge; and

  4. Any exceptions and requests filed in response to the initial decision of the administrative law judge." Colorado Department of Health Care Policy and Financing Reg. § 8.057.10.B.

The department contends that it was required to consider the SSA's determination during the final agency review. It characterizes an SSA determination as a type of legal precedent—a federal adjudication that will preempt state determinations for one year. Thus, the department argues: (1) an ALJ may not rule on the issue of disability without first ascertaining whether there is a preclusive federal ruling; and (2) an ALJ may be reversed for failing to honor an undisclosed SSA determination, just as a trial

court may be reversed for failing to follow undisclosed legal authority.

■ We reject this contention. We do not agree that an SSA determination is legal authority. Such a determination is more accurately characterized as evidence that, depending on the context, may be conclusive or persuasive on the issue of disability. *See* 42 C.F.R. § 435.541(b)(1)(i) ("An SSA disability determination is binding on an agency until the determination is changed by SSA."); *cf. Kirwan v. Marriott Corp.,* 10 F.3d 784, 790 n. 32 (11th Cir.1994) (SSA disability determination is relevant in determining eligibility for disability benefits under retirement plan).

■ But even if an SSA determination is regarded as legal precedent, it is not the type of authority that can be considered for the first time in a final agency review. An SSA determination does not deprive the state agency of subject matter jurisdiction. Rather, it exerts a preclusive effect that is akin to res judicata or collateral estoppel. *See* 42 C.F.R. § 435.541(a)(2) (a state agency "may not make an independent determination of disability if SSA has made a disability determination within the time limits set forth in [42 C.F.R.] § 435.911 on the same issues presented in the Medicaid application").

■ Accordingly, the department must assert an SSA determination to preclude further state proceedings, and it must do so in the first instance before the ALJ. *Cf. Crocker v. Colo. Dep't of Revenue,* 652 P.2d 1067, 1070–71 (Colo.1982) (res judicata may not be raised for the first time on appeal); *People v. Tynan,* 701 P.2d 80, 83 (Colo.App.1984) (collateral estoppel may not be raised for the first time on appeal).

If the department were allowed to consider an SSA determination for the first time in a final agency review—one that is conducted in the absence of exceptions filed by either party—the claimant would have no opportunity to contest (1) the validity of the alleged determination, (2) the identity of issues presented, or (3) the date of the determination as being within a year of the state hearing.

In our view, such uncontested consideration by the department would raise significant due process concerns. *See Gomolisky v. Davis,* 716 N.E.2d 970 (Ind.Ct.App.1999) (due process does not require a de novo evidentiary hearing at the final agency review, in part because the final review is limited to the record made at the hearing before the ALJ).

■ When reviewed on the record alone, the department's final decision is not supported by substantial evidence. Without the SSA's determination, the department had no reason to disagree with the ALJ's conclusion that Martelon is disabled. *See Moczygemba v. Colo. Dep't of Health Care Policy & Fin.,* 51 P.3d 1083, 1087–88 (Colo.App.2002).

Because the department's final ruling is not supported by evidence in the record, we reverse the district court's judgment and remand with directions to set aside the final agency decision. In light of this resolution, we need not consider Martelon's remaining contentions.

The judgment is reversed, and the case is remanded to the district court to set aside the final agency decision.

Judge CASEBOLT and Judge HUME * concur.