Carol REIFF, Plaintiff–Appellant,

v.

COLORADO DEPARTMENT OF HEALTH CARE POLICY AND FINANCING and Karen Reinertson, in her official capacity as Executive Director, Defendants–Appellees.

No. 05CA0083.

Colorado Court of Appeals, Div. I.

Sept. 7, 2006.

Boulder County Legal Services, Joel R. Hayes, Jr., Boulder, Colorado, for Plaintiff–Appellant.

John W. Suthers, Attorney General, Jennifer L. Weaver, Assistant Attorney General, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge MÁRQUEZ.

Plaintiff, Carol Reiff, appeals the district court's order affirming the final agency decision of the Colorado Department of Health Care Policy and Financing (the department), terminating her Medicaid Home- and Community–Based Services for the Elderly, Blind, and Disabled (HCBS) benefits. We reverse and remand for further proceedings.

Reiff is a sixty-four-year-old Colorado resident who has proteinuria, lupus, autoimmune hemolytic anemia, avascular necrosis of bilateral hips resulting in bilateral hip replacements, chronic anemia, chronic dementia, Raynaud's disease, chronic lower back pain, recurrent hyponatremia and hypokalemia, and severe anxiety with chronic depression.

The state administers HCBS, a Medicaid program. *See* 42 U.S.C. § 1396n(c)(1) (2000); § 26–4–601, et seq., C.R.S.2005. HCBS provides home care services, such as dressing, bathing, cooking, and cleaning, to persons who would otherwise require institutionalization. *Moczygemba v. Colo. Dep't of Heath Care Policy & Fin.*, 51 P.3d 1083 (Colo.App. 2002).

To qualify for HCBS, an applicant must currently require the quality of care available in a nursing facility, or long term care. *See* § 26–4–606(1)(b), (2), C.R.S.2005; *Morgan v. Colo. Dep't of Health Care Policy & Fin.*, 56 P.3d 1136 (Colo.App.2002). Pursuant to the department's Regulation 8.401.15D, 10 Code Colo. Regs. 2505–10, the ULTC 100.2 func-

tional assessment instrument is used for all individuals requiring long term care.

In July 2003, Reiff received an annual review of her continued eligibility for HCBS consisting of an interview by her case manager, who filled out the ULTC 100.2. The ULTC 100.2 calls for scores of "0"-"3" in six different areas of daily living; a score of at least "2" in two of these areas is required for eligibility. Reiff scored a "1" in bathing and mobility, and a "0" in dressing, toileting, transferring, and eating. She was informed that, based on the assessment, she was no longer eligible to receive services.

Reiff appealed this determination, and a hearing was held in January 2004. After hearing testimony and reviewing letters from doctors and evidence presented by the department, the administrative law judge (ALJ) issued an initial decision finding, as relevant here:

> [Reiff] has needed assistance in dressing since at least July 2003. She cannot button her pants or put on her bra without assistance. V.J. has corroborated the fact that he has needed to assist [Reiff] with dressing for several months. The ALJ infers and finds that [Reiff] has required assistance with dressing at least since July 2003.... The ALJ finds that a preponderance of the evidence establishes that a score of "2" was warranted and appropriate in July 2003 and today.
>
> . . . .
>
> At hearing, [Reiff] testified that for some time she has needed help washing her hands, feet and legs, and that she has fallen many times. She indicated that she was putting on a front that everything was better than it really was in July 2003 when [the case manager] performed the [CSR]. The ALJ infers and finds that this was so in July 2003 when [the case manager] performed the CSR. V.J. corroborated the fact that [Reiff] was unsafe while bathing, if he was not there to help her, and that this had been true for a long time.... The ALJ finds that the score of "2" more correctly has described [Reiff's] bathing situation since July 2003 and beforehand. She has needed assistance to bathe safely since at least July 2003. Therefore, the

CSR score of "1" in the bathing category is erroneous. "2" is the appropriate score.

The ALJ concluded that based on these factual findings, the department's determination to deny Reiff's application for HCBS benefits was erroneous and should be reversed.

The department appealed the ALJ's initial decision, alleging that the information gathered at the time of assessment supported the scores awarded to Reiff. Without the benefit of a transcript of the ALJ hearing, the department entered a final agency decision, reversing the ALJ's decision and holding that the ALJ misapplied the department's rules by not limiting the determination to whether Reiff met the applicable level of care on the date that the level of care determination was completed.

The district court affirmed the final agency decision.

## I. Standard of Review

■ The decision of an administrative agency may be reversed only if the court finds the agency acted in an arbitrary and capricious manner, made a determination that is unsupported by the evidence and the record, erroneously interpreted the law, or exceeded its constitutional or statutory authority. Section 24–4–106(7), C.R.S.2005; *Miller v. Colo. Dep't of Health Care Policy & Fin.*, 75 P.3d 1167 (Colo.App.2003).

■ The department's authority to review and to set aside an ALJ's findings turns on whether they concern evidentiary or ultimate facts. Evidentiary facts are the detailed factual or historical findings upon which a legal determination rests. An ALJ's finding of evidentiary fact cannot be set aside unless the finding is contrary to the weight of the evidence and the record. *Moczygemba v. Colo. Dep't of Heath Care Policy & Fin., supra; see also* § 24–4–105(15)(b), C.R.S. 2005.

■ Findings of ultimate fact involve a conclusion of law, or at least a mixed question of law and fact, and settle the rights and liabilities of the parties. Ultimate facts usually are phrased in the language of the controlling statute or legal standard. The de-

partment may substitute its judgment for that of an ALJ with respect to an ultimate fact so long as the department's finding has a reasonable basis in law and is supported by substantial evidence in the record. *State Bd. of Med. Exam'rs v. McCroskey,* 880 P.2d 1188 (Colo.1994); *see also* § 24–4–105(15)(b).

■ Interpretation of a regulation by the agency charged with its enforcement is generally entitled to great deference and must be accepted if it has a reasonable basis in law and is warranted by the record. *Morgan v. Colo. Dep't of Health Care Policy & Fin., supra.*

## II. Scope of ALJ Review

■ On appeal, Reiff contends that the department erred as a matter of law by restricting the scope of the ALJ's review to the agency's assessment documents and by reversing the ALJ for considering testimony introduced at the appeal hearing. The department submits that the ALJ's review had to be limited to the information provided to the case manager on the date of the assessment because the ALJ could only determine whether the case manager properly conducted the assessment in light of the information that the case manager had at the time. We conclude that the ALJ could properly consider testimony introduced at the hearing concerning Reiff's condition as of the date of the level of care assessment.

Section 24–4–105(7), C.R.S.2005, provides in relevant part:

Except as otherwise provided by statute, every ... party [in an administrative appeal] shall have the right to present his case or defense by oral and documentary evidence [and] to submit rebuttal evidence.... The rules of evidence and requirements of proof shall conform, to the extent practicable, with those in civil non-jury cases in the district courts.

Regulation 8.057.8.A provides: "The [ALJ] shall promptly prepare and issue a written *Initial Decision* and file it with the Office of Appeals of the Department. Initial Decisions *shall be based exclusively on evidence introduced at the hearing.*" (Emphasis added.)

Regulation 8.057.8.G provides:

In hearings concerning level of care determinations, the only factual issue to be determined by the [ALJ] is whether the applicant or recipient meets the level of care screen applicable to the program at issue. The [ALJ's] determination shall be limited to whether or not the applicant or recipient met the level of care on the date that the level of care determination was completed.

Regulation 8.057.8.A indicates that the ALJ must base his or her decision on evidence introduced at the hearing. Although Regulation 8.057.8.G provides that the ALJ's determination must be limited to whether Reiff met the level of care on the date the level of care determination was completed, nothing in Regulation 8.057.8.G suggests that the ALJ is limited to evidence that the case manager heard. In our view, were the ALJ so limited, there would be no reason for introducing evidence at a hearing.

Although the precise issue we address here was not before them, divisions of this court have generally recognized that the ALJ may consider evidence presented at the hearing.

In denying benefits to the claimant, a division of this court in *Morgan, supra,* concluded that the ALJ had given proper consideration to the plaintiff's testimony and a letter from the plaintiff's treating physician presented at the hearing before the ALJ.

In *Moczygemba, supra,* the applicant appealed to an ALJ the determination denying her application for home care services under a Medicaid program. After conducting a hearing, the ALJ reversed that decision. The ALJ considered evidence presented at the hearing, made findings, entered certain conclusions of law, and determined that the applicant would be certified as eligible for placement in a nursing facility. The department reversed the ALJ's decision, concluding that the ALJ had applied an erroneous standard in assessing the applicant's eligibility and had misinterpreted the regulations. The district court affirmed the department's decision. In reversing, a division of this court

held that an ALJ's finding of evidentiary fact cannot be set aside by the department on review unless the finding is contrary to the weight of the evidence in the record.

More recently, in *Martelon v. Colorado Department of Health Care Policy & Financing*, 124 P.3d 914 (Colo.App.2005), the division reviewed evidence submitted by both parties before the ALJ. The division noted that under the governing regulations, the department lacks authority to base its final agency decision on information that was not presented to the ALJ.

Thus, we reject the department's argument that the ALJ's factual findings were the result of a misinterpretation and misapplication of the law and that the office of appeals was not bound by such findings when reversing the initial decision on legal grounds. We note the department does not cite any authority in support of this position.

### III. Lack of Transcript

In view of our disposition and because the department acknowledges that the ALJ's factual findings were not challenged, we do not address Reiff's contention that without submission of a transcript, the department may not reverse or modify the ALJ's findings of fact. Similarly, we also do not address Reiff's remaining contentions regarding whether the weight of the evidence supports the ALJ's findings.

### IV. Notice

Also in view of our disposition, we need not address Reiff's contention that the department violated her right to due process by failing to give her adequate notice as required by state and federal law.

The order is reversed, and the case is remanded to the district court with instructions to remand the case to the department to affirm the ALJ's decision.

Judge GRAHAM and Judge TERRY concur.