25CA1021 Cactus Cantina v City of Loveland 04-30-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA1021
Larimer County District Court No. 24CV30259
Honorable Stephen J. Jourard, Judge

---

Cactus Cantina, Inc., d/b/a Wicked Tequila Room,

Plaintiff-Appellee,

v.

City of Loveland Liquor Licensing Authority,

Defendant-Appellant.

---

JUDGMENT AFFIRMED

Division III
Opinion by JUDGE DUNN
Harris and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 30, 2026

---

Law Office of Ingrid J. DeFranco, Ingrid J. DeFranco, Brighton, Colorado; The Hall Law Office, LLC, Andrea M. Hall, Eaton, Colorado, for Plaintiff-Appellee

Nathan Dumm & Mayer P.C., Bernard Woessner, Daniel A. Jacobs, Denver, Colorado, for Defendant-Appellant

¶ 1    Defendant, City of Loveland Liquor Licensing Authority (the Authority), appeals the district court's C.R.C.P. 106(a)(4) judgment reversing its decision to suspend the liquor license of plaintiff, Cactus Cantina, Inc., d/b/a Wicked Tequila Room (Cactus Cantina), for violating Liquor and Tobacco Enforcement Division Regulation 47-910, 1 Code Colo. Regs. 203-2 (Regulation 47-910). Because we conclude that the evidence was insufficient to support the suspension, we affirm the judgment.

## I.    Background

¶ 2    Cactus Cantina is a bar in Loveland, Colorado that holds a retail liquor license.  While on patrol around 2:30 a.m. one summer morning, Loveland Police Officer Greg Harris heard music playing near Cactus Cantina.  He parked and did a "standard walkthrough."  When he approached Cactus Cantina, he saw all the lights on which was "abnormal" because the bar "usually closed" by midnight.  Officer Harris went to the door and saw a male bartender — later identified as Nicholas Herrera — "pouring something into a glass."  He also saw two other people in the bar. Officer Harris first knocked on the door and then shone his flashlight to get Herrera's attention.  After Herrera opened the door,

1

Officer Harris told him that he "couldn't be serving alcohol after 2:00 [a.m.]" Herrera apologized and said he would pour the drink out. The entire encounter lasted less than two minutes and was captured on Officer Harris' body camera. Officer Harris did not issue Herrera a citation.

¶ 3    A few months later, the Loveland Police Department issued Herrera a citation for violating a Loveland Municipal Code ordinance prohibiting the unlawful sale, service, or display of alcohol.

¶ 4    And in November 2023, the City of Loveland (the City) filed a request for the Authority to issue a citation to Cactus Cantina "to show cause why its license should not be suspended or revoked" for violating liquor regulations and to set a hearing. The motion specifically alleged, "[T]he City believes that [Cactus Cantina] is in violation of Liquor Regulation 47-910."

¶ 5    Regulation 47-910 provides that "[n]o retail licensee shall permit the consumption of any alcohol beverages on the licensed premises at any time during such hours as the sale of such beverages is prohibited by law." State law prohibits selling alcohol between 2 a.m. and 7 a.m. § 44-3-901(6)(b)(I)-(II), C.R.S. 2025.

¶ 6     At the public hearing, Officer Harris and Herrera largely agreed on the details of their short encounter.  Herrera explained that after the bar closed, he "decided to pour [himself] a drink.  And unfortunately[, he] wasn't aware of the time . . . it was [thirty] minutes past 2:00 a.m."  Herrera also testified that he "wasn't selling, or distributing to anybody else in the bar" but admitted that he had "messed up" and "honestly made a mistake."  Neither Officer Harris nor Herrera testified that anyone in the bar drank alcohol after 2 a.m.

¶ 7     The Authority issued a written order, finding, as relevant here, that (1) the City alleged Cactus Cantina violated Regulation 47-910 "by allowing the consumption of alcoholic beverages on the licensed premises" during prohibited hours, and (2) Herrera poured himself an alcoholic drink after 2 a.m., knowing it is "illegal to serve alcohol" between 2 and 7 a.m.  Though it did not specifically find that Herrera "permit[ted] the consumption" of alcohol after 2 a.m., it concluded that "a violation of . . . Regulation 47-910 occurred on the licensed premises by an employee who had *actual notice* of Regulation 47-910."  The Authority suspended Cactus Cantina's liquor license for ninety days.

¶ 8     Cactus Cantina then filed a complaint for judicial review under Rule 106(a)(4).  The district court concluded that Regulation 47-910 "requires a showing that a licensee permitted a party to either consume or ingest alcohol after hours" and that "there [wa]s a lack of competent evidence to support the finding that Cactus Cantina violated the provisions of Regulation 47-910."  Thus, the court remanded the case to the Authority to deny and dismiss the citation and to vacate the order suspending Cactus Cantina's liquor license.

## II.     Analysis

¶ 9     The Authority maintains that we should reverse the district court's judgment and affirm its suspension of Cactus Cantina's liquor license because the suspension is supported by "competent evidence" that Cactus Cantina violated Regulation 47-910.  We are not persuaded.

### A.     Standard of Review and Interpretive Principles

¶ 10     Under Rule 106(a)(4), we review the administrative agency's decision, not the district court's decision.  *Johnson v. Dep't of Safety*, 2021 COA 135, ¶ 16.  We will affirm the agency's decision unless it abused its discretion or exceeded its jurisdiction.  C.R.C.P. 106(a)(4)(I).  An agency abuses its discretion if it misapplied the law

4

or if no competent evidence supports its decision. *Johnson*, ¶ 16. Competent evidence is the same as substantial evidence. *Id.* at ¶ 18.

¶ 11 We review de novo whether the record contains substantial evidence to support an agency's decision, *Martelon v. Colo. Dep't of Health Care Pol'y & Fin.*, 124 P.3d 914, 916 (Colo. App. 2005), and do so in the light most favorable to the agency's decision, *Sapp v. El Paso Cnty. Dep't of Hum. Servs.*, 181 P.3d 1179, 1182 (Colo. App. 2008).

¶ 12 We also interpret administrative regulations de novo, applying the ordinary rules of statutory interpretation. *Gomez v. JP Trucking, Inc.*, 2022 CO 21, ¶ 27. That means we first look at the regulation's language and analyze the words and phrases according to their plain and ordinary meanings. *Id.* If the plain language is unambiguous, we need not resort to other canons of construction, *Vigil v. Franklin*, 103 P.3d 322, 327 (Colo. 2004), nor defer to an agency's interpretation of the regulation, *Rags Over the Ark. River, Inc. v. Colo. Parks & Wildlife Bd.*, 2015 COA 11M, ¶ 27.

B.    Insufficient Evidence Supported the Suspension

¶ 13    For the Authority to have found a violation of Regulation 47-910, the City had the burden at the hearing to prove that Cactus Cantina "permit[ted] the consumption of any alcohol beverage[]" between 2 and 7 a.m.  *See People ex rel. Heckers v. Dist. Ct.*, 463 P.2d 310, 312 (Colo. 1970) (noting that the burden is not on the licensee, but on the party seeking license suspension or revocation).[1]

¶ 14    But the evidence showed only that Herrera "poured" a drink after 2 a.m.  To "pour" simply means "to dispense from a container." Merriam-Webster Dictionary, https://perma.cc/3RE5-DU9K. That's not the same as permitting someone to consume alcohol.  *Cf.* Merriam-Webster Dictionary, https://perma.cc/W324-WNJR (defining "permit" to mean "to give leave" or "authorize"); Merriam-Webster Dictionary, https://perma.cc/ZY6J-HKQW (defining "consumption" to mean "the act or process of consuming");

---

[1] We recognize, as the Authority points out, that Cactus Cantina's answer brief states that Herrera poured a drink after hours in violation of Regulation 47-910.  *See* Liquor & Tobacco Enf't Div. Reg. 47-910, 1 Code Colo. Regs. 203-2.  Given Cactus Cantina's arguments presented before the district court and on appeal, while confusing, we don't read the statement as an admission.

Merriam-Webster Dictionary, https://perma.cc/D6AV-NQXK (defining "consume" as "to eat or drink especially in great quantity"). The City did not present evidence of any after-hours alcohol consumption, and, indeed, the Authority did not specifically find that Herrera "permit[ted] the consumption" of alcohol after 2 a.m.

¶ 15    Nor do we agree that Herrera's "failure to claim on the scene (or at the [h]earing) that no one had, in fact, drank alcohol" somehow supports the conclusion that Cactus Cantina violated Regulation 47-910. The burden to prove the violation was on the City, *see Heckers*, 463 P.2d at 312, and the City did not present evidence beyond the fact that Herrera poured a drink.

¶ 16    We are equally unpersuaded by the Authority's wholly unsupported claim that it is "reasonable to infer" that "others within the bar . . . had physically ingested alcohol at a legally prohibited time" and that Herrera "permitted that consumption." Nothing from either Officer Harris' or Herrera's testimony allows such an inference. Indeed, the Authority admits that Officer Harris did not see anyone in the bar "physically ingest liquor on the premises after 2:00 a.m."

¶ 17     And to the extent the Authority asks us construe "permit[ting] the consumption" of alcohol to mean "[p]ermitting the [s]ervice of [a]lcohol for [c]onsumption," we may not add words or phrases to the regulation. *See Gandy v. Raemisch,* 2017 COA 110, ¶ 26. We therefore decline the Authority's invitation to judicially expand the regulation beyond its plain meaning.[2]

¶ 18     Because the City did not present competent evidence that Cactus Cantina "permit[ted] the consumption of any alcohol beverage[]" between 2 and 7 a.m., we conclude that the Authority abused its discretion by finding Cactus Cantina violated Regulation 47-910.

### C.     Suspension On Other Grounds

¶ 19     Finally, we reject the Authority's request — raised for the first time on appeal — to affirm the suspension on an "alternative basis" by finding that Cactus Cantina violated section 44-3-901(6)(b)(I),

---

[2] Because we are reviewing the Authority's decision and because it's not necessary to our analysis, we don't adopt, reject, or express any opinion on the district court's general comment that the language of section 44-3-901(6)(b)(I), C.R.S. 2025, "appears to be broader" than Regulation 47-910. We therefore don't address the Authority's argument about the district court's comment.

which prohibits the sale, service, or distribution of alcohol between 2 and 7 a.m.

¶ 20    Regardless of whether the City intended to cite Cactus Cantina for violating both the statute and the regulation, the motion for a show cause citation and request for hearing specifically alleged only that "the City believe[d] that" Cactus Cantina "[wa]s in violation of Liquor Regulation 47-910," by "allowing the consumption of alcoholic beverages" during prohibited hours.  It asked the Authority to suspend or revoke Cactus Cantina's license for violating "Liquor Regulations."  The motion did not request that Cactus Cantina show cause why its license should not be suspended for violating section 44-3-901(6)(b)(I).[3]  *Cf.* Liquor & Tobacco Enf't Div. Reg. 47-606(A)(2), 1 Code Colo. Regs. 203-2 (noting that "the order to show cause" issued by the state license authority "shall identify the statute, rule, regulation, or order allegedly violated").  Nor did the Authority find that Cactus Cantina

---

[3] While it's true that the show cause motion referenced the statute in its factual recitation, it didn't allege that Cactus Cantina violated the statute.

9

violated the statute. Instead — tracking the City's request — it found that Cactus Cantina violated only Regulation 47-910.

¶ 21 It is not for this court to make factual findings and legal conclusions about whether Cactus Cantina violated the statute when the Authority itself did not do so. *See Hessling v. City of Broomfield*, 563 P.2d 12, 13 (Colo. 1977) (holding that, under Rule 106 review, a court may not uphold a city council resolution on a basis not considered by the city council); *see also Abromeit v. Denv. Career Serv. Bd.*, 140 P.3d 44, 53 (Colo. App. 2005) (noting that arguments not raised in administrative proceedings are not preserved for appellate review).

### III. Appellate Attorney Fees and Costs

¶ 22 Cactus Cantina requests an award of appellate attorney fees and costs under section 13-17-102(4), C.R.S. 2025, and C.A.R. 38, arguing that the Authority's appeal is "vexatious," "punitive," and "substantially frivolous." It takes particular issue with the Authority's request that we affirm the suspension based on the statute.

¶ 23 While we don't agree with the Authority, we cannot conclude that the appeal warrants an attorney fees award. *See Glover v.*

*Serratoga Falls LLC*, 2021 CO 77, ¶ 70 (noting that appellate attorney fees are awarded only in clear and unequivocal cases of egregious conduct where no rational argument is presented).

## IV.   Disposition

¶ 24     We affirm the judgment.

JUDGE HARRIS and JUDGE MOULTRIE concur.